# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

---

Preston Wallace Turbeville and Marissa Martorelli, Plaintiffs,

v.

RPM Living, LLC;

Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes;

First Advantage Background Services Corp;

Jenny Suggs (individually and in her official capacity);

Jennifer Battenfeld (individually and in her official capacity);

Andrew O.H. Gardner (Broker-in-Charge for RPM Living), Defendants.

## COMPLAINT

1. This is a civil action for damages and equitable relief arising from Defendants' violations of the Fair Housing Act (42 U.S.C. § 3601 et seq.), the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), and multiple violations of South Carolina real estate licensing laws. Plaintiffs bring this action pro se, having suffered injury as a result of discriminatory housing practices, improper use of consumer reports, and unlawful unlicensed real estate activity.

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction). Venue is proper in the District of South Carolina

under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Horry County, South Carolina.

## PARTIES

3. Plaintiff Preston Wallace Turbeville is a resident of South Carolina. Plaintiff Marissa Martorelli is a resident of South Carolina and a qualified individual with a disability under the Fair Housing Act.

4. Defendant RPM Living, LLC is a property management company doing business in South Carolina.

5. Defendant Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes is a multifamily residential complex located at 7075 Cuddy Lane, Myrtle Beach, SC 29572, managed by RPM Living.

6. Defendant First Advantage Background Services Corp is a consumer reporting agency based in Georgia that prepared and supplied the background report used to deny Plaintiffs housing.

7. Defendant Jenny Suggs held herself out as a property manager and communicated application decisions despite lacking a valid South Carolina property management license. She played a major role in the discriminatory conduct by personally issuing the denial, refusing to process the reasonable accommodation request, and stating in a voicemail that the property would not consider any accommodation unless the third-party background report was changed. Her actions reflect an intentional and willful interference with Plaintiffs' rights under the Fair Housing Act and were central to the outcome of the denial.

8. Defendant Jennifer Battenfeld acted in a leasing capacity and participated in the denial of Plaintiffs' reasonable accommodation request. In direct violation of Fair Housing regulations, she informed Plaintiffs that the property "cannot override" First Advantage's screening decision

and instructed them to contact the third-party company instead. This constitutes a failure to engage in the required interactive process, and an improper delegation of the property's legal responsibilities under 42 U.S.C. § 3604(f) and § 3617. Furthermore, her involvement in leasing decisions without holding a valid South Carolina property management license also violates § 40-57-30(B).

9. Defendant Andrew O.H. Gardner is the Broker-in-Charge for RPM Living and was responsible for supervising and preventing unlicensed real estate activity under South Carolina law.

## FACTUAL BACKGROUND

10. In May 2025, Plaintiffs applied for housing at Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes in Myrtle Beach, SC, a property managed by RPM Living.

11. During the application process, Plaintiff Marissa Martorelli disclosed a municipal ordinance violation tied to a documented mental health disability. She formally requested a reasonable accommodation under the Fair Housing Act.

12. Plaintiffs submitted income documentation, a strong rental history, and offered medical and disability documentation supporting the accommodation request.

13. Despite this, leasing staff—including Defendants Jenny Suggs and Jennifer Battenfeld—refused to consider the accommodation request. Instead, they instructed Plaintiffs to resolve the matter with First Advantage, a third-party screening company.

14. Defendant Suggs, who held herself out as a property manager, communicated application decisions without being licensed to do so under South Carolina law.

15. Defendant Battenfeld also participated in conveying the denial and deferred all responsibility to First Advantage, while failing to process the accommodation request as required by federal law.

16. The voicemail from Defendant Suggs confirmed that the property would not take any action unless First Advantage changed the background report, in direct violation of Fair Housing regulations.

17. At no point did any Defendant engage in the interactive process or invite submission of supporting documentation.

18. Defendant Andrew O.H. Gardner, as Broker-in-Charge, had a statutory obligation to prevent unlicensed real estate activity and ensure compliance with federal and state law.

19. Plaintiffs were denied housing as a result of these violations and suffered emotional distress, loss of opportunity, and other damages.

## LEGAL CLAIMS

### COUNT I – VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. § 3604(f))

20. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

21. The Fair Housing Act prohibits discrimination against individuals with disabilities, including the failure to provide reasonable accommodations in housing policies or procedures.

22. Plaintiff Marissa Martorelli is a qualified individual with a disability under the Fair Housing Act.

23. Plaintiffs submitted a formal request for reasonable accommodation to Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes, explaining that the municipal ordinance violation on her background report was directly tied to her mental health condition.

24. Defendants refused to consider this request and instead directed Plaintiffs to First Advantage, a third party, thereby unlawfully deferring their legal responsibility.

25. Defendants failed to engage in the required interactive process and made no individualized

assessment of the request, resulting in a denial of housing based on a disability-related matter.

26. This conduct constitutes unlawful discrimination under 42 U.S.C. § 3604(f)(3)(B).

## COUNT II – VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681g and § 1681m)

27. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

28. The Fair Credit Reporting Act (FCRA) requires that users of consumer reports who take adverse action based on such reports must provide a Notice of Adverse Action and a copy of the report to the consumer.

29. Defendants RPM Living and Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes denied Plaintiffs' housing application based in whole or in part on a consumer report issued by First Advantage.

30. Defendants failed to provide an Adverse Action Notice or a copy of the report as required by law, and falsely claimed that First Advantage was responsible for doing so.

31. This misstatement and deflection of responsibility constitutes a direct violation of Plaintiffs' rights under 15 U.S.C. §§ 1681g and 1681m.

32. After Plaintiffs withdrew their interest in the apartment due to fear of ongoing discrimination and retaliation, Defendants failed to formally withdraw the application. Instead, more than a month later, the background report for Plaintiff Marissa Martorelli was reaccessed without a permissible purpose under the FCRA.

33. Defendant Jenny Suggs, without a license or lawful authority, acted on this newly accessed information—despite the application being closed and the Plaintiffs having clearly stated their intent not to move forward. This constitutes an impermissible use and access of consumer data under the FCRA.

34. Defendant First Advantage is also in violation of the FCRA for including inaccurate or misleading information in the consumer report related to a non-criminal municipal ordinance

violation and failing to ensure the maximum possible accuracy as required by 15 U.S.C. § 1681e(b).

35. Furthermore, First Advantage communicated results of a consumer dispute resolution to the property before notifying Plaintiffs of the outcome, in violation of FCRA procedures and the consumer's right to timely notice and review.

36. These actions caused further confusion, harm, and invasion of privacy, and contributed to the discriminatory denial and ongoing interference with Plaintiffs' housing rights.

37. After the initial housing denial, Plaintiff Marissa Martorelli submitted a formal written request for a full file disclosure under 15 U.S.C. § 1681g(a), which obligates consumer reporting agencies to provide all information in the consumer's file within 15 days of verification of identity.

38. First Advantage failed to fulfill this obligation in a timely manner, delaying the Plaintiffs' ability to review the report, evaluate the accuracy of its contents, and pursue legal remedies. This delay caused prejudice to Plaintiffs' rights and hindered the legal process.

## COUNT III – VIOLATION OF SOUTH CAROLINA REAL ESTATE LICENSING LAW

32. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

33. Under South Carolina Code § 40-57-30(B), no person may act or hold themselves out as a property manager without a valid license.

34. Defendant Jenny Suggs acted as a property manager by conveying denials, interpreting background reports, and directing applicants, without a license.

35. Defendant Jennifer Battenfeld also participated in leasing activities and decision-making without a license.

36. Defendant Andrew O.H. Gardner, as Broker-in-Charge, had a legal duty under § 40-57-140(A)(1) to supervise licensees and prevent unlicensed activity.

37. Defendants' actions constitute unlicensed real estate activity in violation of SC law and

contributed to Plaintiffs' harm.

38. In addition, the misrepresentations made by Defendants regarding Plaintiffs' legal rights and the housing application process—including false claims about the inability to process reasonable accommodation requests—constitute deceptive acts in the course of trade or commerce.

39. This conduct may also violate the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code § 39-5-20, which prohibits unfair or deceptive acts or practices in commerce.

40. The misleading actions of Defendants affected not only the Plaintiffs but reflect a systemic failure that may impact other consumers, satisfying the public interest requirement of SCUTPA.

41. Plaintiffs reserve the right to assert a separate SCUTPA claim in state court or in an amended complaint, as warranted.

## COUNT IV – RETALIATION AND INTERFERENCE UNDER THE FAIR HOUSING ACT (42 U.S.C. § 3617)

38. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

39. Under 42 U.S.C. § 3617, it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their rights under the Fair Housing Act, including the right to request reasonable accommodations.

40. After Plaintiffs submitted a lawful and protected request for reasonable accommodation, Defendants made misleading and incorrect statements about the process—falsely asserting that the responsibility for evaluating accommodations belonged to First Advantage, a third-party screening agency.

41. This misrepresentation, and the refusal to process the request internally as required, constituted intentional interference with Plaintiffs' rights under federal law.

42. Defendants' conduct undermined the legal accommodation process and caused Plaintiffs to suffer stress, fear of retaliation, and loss of housing opportunity.

43. These actions were willful, discriminatory, and retaliatory in nature, in violation of 42 U.S.C. § 3617.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Award compensatory damages in an amount no less than $950,000 for emotional distress, loss of housing opportunity, and interference with federally protected rights;

b. Award punitive damages against all Defendants whose conduct was willful, reckless, or grossly negligent;

c. Issue injunctive relief ordering RPM Living and Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes to revise their leasing and accommodation procedures to comply with federal and state law;

d. Award costs and reasonable attorney's fees (if later counsel is retained), as permitted under 42 U.S.C. § 3613(c)(2) and 15 U.S.C. § 1681n(a)(3);

e. Award any other relief the Court deems just and proper.

Plaintiffs request damages in the amount of $950,000, inclusive of punitive damages and a gross-up adjustment to account for tax consequences associated with any monetary award. This request is justified by:

- The public interest in ensuring transparency, compliance, and nondiscrimination in the housing and background screening industries;

- The broad scope and severity of legal violations, including breaches of the Fair Housing Act, Fair Credit Reporting Act, and South Carolina real estate licensing law;

- The willful, intentional, or recklessly indifferent conduct of Defendants, who were repeatedly informed of their legal obligations yet failed to comply;

- The interference with federally protected civil rights during a vulnerable moment of housing

insecurity;

- The pattern of similar complaints against RPM Living and First Advantage, including lawsuits, federal enforcement actions, and dozens of consumer complaints and Better Business Bureau flags;

- The availability of punitive damages under 42 U.S.C. § 3613(c), 15 U.S.C. § 1681n(a)(2), and South Carolina law (including S.C. Code § 39-5-140 and § 40-57-710).

Respectfully submitted,

/s/ Preston Wallace Turbeville

Preston Wallace Turbeville

173 Gadwall Way

Unit 3400

Murrells Inlet, SC 29576

pwallace92@yahoo.com

8434500421


/s/ Marissa Martorelli

Marissa Martorelli

173 Gadwall Way

Unit 3400

Murrells Inlet, SC 29576

MarissaMartorelli@icloud.com

(843) 274-8352