# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

        Plaintiffs,

  vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
   *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

        Defendants.

C/A: 4:25-cv-12579-JD-TER

MAY 26 '26 PM3:32
RCV'D - USDC FLO SC

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**PURSUANT TO FED. R. CIV. P. 15(a)(2)**

NOW COME the Plaintiffs, Preston Wallace Turbeville and Marissa Martorelli, proceeding pro se, and respectfully move this Honorable Court for leave to file their Second Amended Complaint pursuant to Federal Rule of Civil Procedure **15(a)(2)** and the active Amended Scheduling Order. In support of this Motion, Plaintiffs show the Court as follows:

1. Rule **15(a)(2)** of the Federal Rules of Civil Procedure mandates that the Court "should freely give leave when justice so requires." The United States Court of Appeals for the Fourth Circuit has continuously affirmed that leave to amend should be liberally granted absent a showing of bad faith, undue prejudice to the opposing party, or absolute futility.

2. No bad faith or dilatory motive exists in the filing of this Motion. Plaintiffs are operating strictly within the baseline boundaries and calendar constraints established by this Court's active Amended Scheduling Order, which designates **June 30, 2026** as the explicit deadline for filing Motions to Amend Pleadings.

3. The proposed amendments cause zero structural prejudice to the Defendants. Discovery is active and wide open under the active schedule, ensuring that all named entities possess months of operational time to depose Plaintiffs, issue interrogatories, and explore the newly supplemented parameters during active discovery tracks.

4. The proposed amendments are far from futile. As demonstrated inside the attached pleading (filed concurrently as Exhibit A), this document explicitly narrows the scope of this action by voluntarily withdrawing the FCRA pre-adverse notice sub-theory and completely dismissing the supplemental SCUTPA count to preserve key judicial resources. Furthermore, the amendment cures all alleged pleading shortfalls highlighted inside the Defendants' pending Motions to Dismiss (ECF Nos. 87, 91, 92) by introducing concrete, non-speculative transactional records including native online gateway payment

invoices and Corporate Check No. 546 which permanently lock down standing, transactional indivisibility, licensing breaches, and a complete absence of alternative underwriting faults.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion for Leave to File the attached Second Amended Complaint, order the Clerk to enter the pleading on the public docket as the active complaint in this action, and deny the Defendants' pending Motions to Dismiss as completely moot.

Dated: _May 26_____, 2026

Respectfully submitted,

Preston Wallace Turbeville, Plaintiff, Pro Se 173 Gadwall Way, Unit 3400 Murrells Inlet, SC 29576 (843) 450-0421 | pwallace92@yahoo.com

Marissa Martorelli, Plaintiff, Pro Se 173 Gadwall Way, Unit 3400 Murrells Inlet, SC 29576 MarissaMartorelli@icloud.com

---------------------------------------------------------------------------------