## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

JUN 9 '26 PM12:22
RCV'D - USDC FLO SC

Preston Wallace Turbeville
Marissa Martorelli,

        Plaintiffs,

   vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
   *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official
capacity)*
Jennifer Battenfeld, *(individually and in her
official capacity)*
Andrew O.H. Gardner, *(in his official
capacity as Broker-in-Charge)*

        Defendants.

C/A: 4:25-cv-12579-JD-TER

PLAINTIFFS' MOTION FOR A 32-DAY GLOBAL MODIFICATION OF THE
SCHEDULING ORDER AND TEMPORARY STAY OF MOTION BRIEFING DEADLINES

NOW COME the Plaintiffs, Preston Wallace Turbeville and Marissa Martorelli,

proceeding pro se, and respectfully move this Honorable Court pursuant to Federal

Rule of Civil Procedure 16(b)(4) for a 32-day global modification of the active

Scheduling Order and a temporary stay of all outstanding motion response and briefing

deadlines up to and including July 6, 2026.

In support of this Motion, Plaintiffs show that recent logistical disruptions, unexpected counsel conflicts, and overlapping extension requests from multiple separate defense counsel have impacted the current pretrial timeline. In the interest of judicial efficiency, mutual professional courtesy, and preserving due process, a temporary briefing stay is necessary. In support of this request, Plaintiffs state as follows:

I. RELEVANT PROCEDURAL DEVELOPMENTS & DEFENSE REQUESTS

The landscape of this active docket shifted materially over a 24-hour period due to separate procedural and logistical demands arising across multiple defense firms:

The Defendant Gateway Communities Track: On June 4, 2026, at 4:16 PM, defense counsel for Gateway Communities, Meagan L. Allen, Esq. of Fisher Phillips LLP, contacted Plaintiffs via email to disclose that an unexpected, un-waivable internal conflict of interest requires her firm's immediate withdrawal from representation. To allow incoming substitute counsel sufficient time to onboard, review the evidentiary record, and avoid procedural prejudice, Ms. Allen requested a 32-day calendar extension up to and including July 6, 2026. Plaintiffs provided written notice of their conditional consent to ensure fairness during this counsel transition.

The Defendant First Advantage Track: On the morning of June 5, 2026, at 11:57 AM, counsel for Defendant First Advantage Background Services Corp. ("First Advantage"), Adam N. Yount, Esq. of Haynsworth Sinkler Boyd, P.A., contacted Plaintiffs via email. Citing scheduling pressures, Mr. Yount requested a 21-day extension of the upcoming

June 9, 2026 briefing deadline for Defendants' Replies and Oppositions to pending motions, seeking to move that specific track to June 30, 2026.

## II. BACKGROUND: STATUS OF DISCOVERY COMPLIANCE

While Plaintiffs desire to grant reasonable professional courtesy to accommodate these sudden attorney transitions, this request must be viewed alongside outstanding discovery deficiencies currently affecting the remaining represented tracks.

### A. The RPM Defendants' Unverified Responses

While the RPM Defendants transmitted business records late on June 4, 2026, an administrative review by Plaintiffs revealed that the discovery packet lacks corporate and individual verification pages executed under oath, as required by Federal Rule of Civil Procedure 33(b)(3). (Among other deficiencies) Consequently, Plaintiffs issued a 15-day deficiency notice running through June 19, 2026.

### B. Defendant First Advantage's Discovery Deficiencies

June 4, 2026, marked the expiration of this Court's 30-day order commanding First Advantage to fully produce its outstanding discovery. First Advantage responded to approximately ninety percent (90%) of Plaintiffs' written requests with boilerplate objections and withheld the underlying records. For the requests left unobjected to, First Advantage indicated documents would be produced but failed to deliver them. Plaintiffs issued a 15-day notice to cure running through June 19, 2026.

Additionally, First Advantage attempted a late cure by emailing a standalone text verification reading "/s/ Matthew O'Connor" at 9:42 PM on Friday, June 5, 2026—after the court-ordered deadline. This signature page omitted any corporate title or baseline disclosure establishing the individual's identity or authority to bind the corporation. Furthermore, the document lacks the mandatory statutory penalty language under 28 U.S.C. § 1746, carries no notary seal, and is disconnected from the factual responses it purports to verify, in violation of Fed. R. Civ. P. 33(b)(3) and 26(g)(1).

First Advantage also failed to provide party signatures, corporate verifications, or certifications for Plaintiffs' Requests for Admissions (RFAs) and Requests for Production (RFPs). While asserting blanket privilege objections over native electronic data, automated access logs, and metric tracking files, First Advantage did not provide the line-by-line Privilege Log required by Fed. R. Civ. P. 26(b)(5)(A). Finally, in its response to Interrogatory No. 17, First Advantage stated that it does not maintain system or audit trails showing when a consumer's screening report is accessed or modified, which Plaintiffs contend is relevant to their claims under 15 U.S.C. § 1681e(b).

C. Necessity of Orderly Resolution

Plaintiffs intend to seek judicial intervention if these issues are not resolved. Although pro se litigants are not required to extend administrative grace periods prior to seeking judicial relief, Plaintiffs provided a voluntary 15-day deficiency notice.

First Advantage objects to core discovery requests regarding matching accuracy metrics and data reliability on the grounds that they are irrelevant and disproportionate, despite

the lawsuit being predicated on the "maximum possible accuracy" mandate of 15 U.S.C. § 1681e(b).

Should Defendants fail to cure these discovery deficiencies by the expiration of the voluntary window on June 19, 2026, Plaintiffs intend to file a Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a) and request appropriate relief, including the appointment of an independent forensic data expert to extract necessary native database streams and metadata defendants are withholding. Plaintiffs cannot effectively conduct oral depositions of corporate representatives without first receiving legally verified documentary evidence under oath.

III. LEGAL STANDARD: GOOD CAUSE UNDER RULE 16(b)(4)

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified only for "good cause" and with the judge's consent. The primary measure of good cause is the diligence of the moving party.

Here, Plaintiffs have demonstrated diligence by preparing and serving their medical records (from MUSC, Bergen New Bridge, and Dr. Cheney), Social Security Administration (SSA) disability documentation files, and verbatim audio transcripts of relevant voicemails on all defense counsel. The necessity for a calendar modification arises from external factors: an un-waivable ethical conflict requiring Gateway's counsel to withdraw, and outstanding discovery disputes across the represented tracks that require resolution before active litigation can properly proceed.

## IV. THE PROPOSED SOLUTION: UNIFIED PROCEDURAL FRAMEWORK

To prevent a disorganized wave of piecemeal filings while the defense landscape undergoes an active transition, Plaintiffs propose a unified procedural layout for the Court's convenience:

1. Motion Briefings and Responses Suspended Until July 6, 2026: All response, reply, and briefing deadlines for all outstanding motions currently pending on the docket shall be modified and established as due on or before July 6, 2026.

2. The Gateway Communities Discovery Track: Defendant Gateway Communities' outstanding discovery deadlines shall be extended to July 6, 2026. This carve-out ensures that incoming substitute counsel has a fair, uncompressed opportunity to review the record and verify discovery responses without being forced to litigate during a representative vacancy.

3. Represented Tracks Remain Active: This updated schedule shall not pause, stay, or toll any underlying discovery obligations for the represented, unconflicted defendants (the RPM Defendants and First Advantage).

Plaintiffs remain entirely deferential to the wisdom of this Court. Any alternative order, scheduling modification, or procedural framework that the Court deems just, proper, and equitable is fully acceptable to Plaintiffs.

Meet and Confer Note: Plaintiffs emailed this comprehensive 32-day extension proposal to Defendants in response to their individual scheduling requests to ascertain their formal position, but have not yet received responsive correspondence.

## V. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion, enter a Temporary Stay of Motion Briefing Deadlines up to and including July 6, 2026 (or, alternatively, enter an updated Amended Scheduling Order reflecting this 32-day global reset), extend Gateway Communities' discovery deadlines to July 6, 2026, and order that all underlying discovery tracks and active 15-day verification cure windows for the remaining represented defendants remain active.

Respectfully submitted,

Dated: June 8, 2026

Preston Wallace Turbeville

Plaintiff, Pro Se

Marissa Martorelli

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2026, I will physically file the foregoing

Plaintiffs' Motion for a 32-Day Global Modification of the Scheduling Order and

Temporary Stay of Motion Briefing Deadlines with the Clerk of Court for the United

States District Court for the District of South Carolina (Florence Division) by hand-

delivery. Pursuant to the Court's electronic filing procedures, the hand-filing of this

document will cause the Court's electronic filing system (CM/ECF) to generate and

transmit an official Notice of Electronic Filing, achieving formal service upon all

registered counsel of record in this action.

Respectfully submitted,

Dated: June 8, 2026

Preston Wallace Turbeville

Plaintiff, Pro Se

Marissa Martorelli

Plaintiff, Pro Se