# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

JUN 9 '26 PM 12:21
RCV'D - USDC FLO SC

| | |
|---|---|
| Preston Wallace Turbeville<br>Marissa Martorelli,<br><br>       Plaintiffs,<br><br>  vs.<br><br>RPM Living, LLC,<br>Gateway Communities of Myrtle Beach, LLC,<br>   *d/b/a The Willows at Grande Dunes,*<br>First Advantage Background Services Corp.,<br>Jenny Suggs, *(individually and in her official capacity)*<br>Jennifer Battenfeld, *(individually and in her official capacity)*<br>Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*<br><br>      Defendants. | C/A: 4:25-cv-12579-JD-TER |

Plaintiffs' Response and Limited Opposition to Defendant First Advantage Background Services Corp.'s Motion for an Extension of Time (ECF No. 103)

Pursuant to the Local Civil Rules for the District of South Carolina, Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding *pro se*, respectfully submit this Response and Limited Opposition to Defendant First Advantage Background Services Corp.'s ("First Advantage") Motion for an Extension of Time to Respond to Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 103).

Plaintiffs do not oppose the request for additional time itself, as Plaintiffs have concurrently petitioned the Court for a comprehensive global scheduling extension (32 days) to safely absorb the requested extension windows, address outstanding multi-party litigation tracks, and allow Defendant Gateway Communities of Myrtle Beach, LLC to secure new, un-conflicted legal counsel. However, Plaintiffs strongly object to and oppose the material misrepresentations of fact, false narratives, and continuous lack of candor deployed by First Advantage within the body of its Motion. Plaintiffs file this response to correct the record before this Court.

## I. Correction of Material Factual Misrepresentations

A. The False Claim of Unreasonable Discovery Demands

In its Motion, First Advantage claims that Plaintiffs refused to consent to an extension unless First Advantage first agreed to a *"litany of unreasonable discovery demands,"* specifically referencing Plaintiffs' objections to their written discovery responses. This statement is a complete fabrication designed to paint *pro se* litigants as obstructionist before the Court.

The actual record reveals a distinct two-track operational timeline that First Advantage has intentionally conflated:

1. The Global Extension Track: In a dedicated communication regarding scheduling, Plaintiffs proposed a uniform, multi-party 32-day extension on the docket to resolve overarching framework adjustments. Plaintiffs explicitly stated that this global schedule

modification would safely absorb and acquiesce to First Advantage's requested extension window without pausing the case.

2. The Discovery Deficiency Track: In a completely separate, independent enforcement communication served on June 4, 2026, Plaintiffs issued a formal 15-day Courtesy Deficiency Notice pursuant to Rule 37. This notice outlined clear, objective, and severe non-compliance in First Advantage's June 4 disclosures—including their total failure to supply answers under a valid corporate oath, their omission of mandatory initial insurance policies, and their explicit statement that they "have not searched for documents" across multiple critical requests.

Plaintiffs did not attach "unreasonable demands" as a condition for a time extension; rather, Plaintiffs extended a standard litigation courtesy, warning First Advantage that while a schedule modification was perfectly acceptable, active discovery enforcement tracks would not be paused or held hostage to cover up structural disclosure failures.

B. The False Assertion of Timely Document Delivery

First Advantage states to the Court that on June 4, 2026, it *"timely served its objections and responses to Plaintiffs' written discovery requests."* While First Advantage may have timely served *text blocks*, it has failed to produce **any** actual, physical documents to date.

First Advantage's master disclosure packet consisted almost exclusively of repetitive boilerplate objections and an explicit, textual refusal to execute basic database or file

searches. First Advantage has chosen to completely ignore the 15-day voluntary cure window offered by Plaintiffs to resolve these omissions out of court. Consequently, the Court will soon see the true extent of these deep evidentiary deficiencies when Plaintiffs formally file their Master Omnibus Motion to Compel.

## II. An Ongoing Pattern of Misrepresentation and Breach of the Duty of Candor

The false assertions leveled in ECF No. 103 are not isolated clerical errors; rather, they represent an ongoing, systemic effort by the defense network to misrepresent historical facts to this Court in direct violation of the mandatory Duty of Candor to the Tribunal. This exact deceptive playbook was deployed by the defense just a few months ago, when they formally claimed to the Court that they had not received Plaintiffs' initial discovery requests on November 25, 2025. The public court record and native metadata subsequently exposed that claim as an absolute falsehood. Plaintiffs demolished the false narrative by producing the explicit, black-letter email response from defense counsel Carlisle Allen explicitly stating: "Received, thanks Preston." For First Advantage to once again return to this Court fabricating out-of-court meet-and-confer details, falsely claiming that a "litany of demands" was used to block an extension, and misrepresenting their completely empty document production as a timely discovery response shows a calculated pattern of manufacturing an unearned equitable advantage.

III. Plaintiffs' Affirmative Posture Regarding Scheduling Equity

Plaintiffs explicitly clarify for the Court that they do not seek to block First Advantage from securing adequate time to frame its responsive pleadings. In fact, Plaintiffs' own pending docket petition seeks an overarching case framework correction to insulate all parties from an artificial timeline squeeze.

However, Plaintiffs will not stand by silently while a corporate defendant misrepresents the facts of an out-of-court exchange to mislead the judiciary. First Advantage's ongoing attempts to rewrite the record underscore the necessity of strict judicial monitoring over their compliance metrics.

Conclusion & Relief Sought

For the reasons set forth above, Plaintiffs respectfully request that this Court, in evaluating ECF No. 103, accept Plaintiffs' non-opposition to the requested timeframe extension, and explicitly reject the false factual assertions contained within Paragraph 8 of Defendant's Motion as a breach of the duty of candor. Plaintiffs further request that the Court order that any time extension granted to First Advantage shall not operate to stay, pause, or delay First Advantage's mandatory obligation to immediately cure its unsworn, deficient, and entirely empty discovery production tracks.

Respectfully submitted,

Dated: June 9, 2026

Preston Wallace Turbeville Plaintiff Pro Se 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

pwallace92@yahoo.com

Marissa Martorelli Plaintiff Pro Se 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

marissamartorelli@icloud.com

Served Via ECF - Filing through Clerk of Court to all counsel of record.