UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Preston Wallace Turbeville and Marissa Martorelli, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No.: 4:25-cv-12579-JD-TER |
| v. | ) ) | |
| RPM Living, LLC, Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes, First Advantage Background Services Corp, Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), Andrew O.H. Gardner (Broker-in-Charge for RPM Living), | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

_____

**DEFENDANTS' RESPONSES TO LOCAL CIVIL RULE 26.03 INTERROGATORIES**

Pursuant to Local Rule 26.03, RPM Living, LLC, Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), and Andrew O.H. Gardner (Broker-in-Charge for RPM Living) (collectively "Defendants") makes the following disclosures in connection with the Rule 26(f) Report.

**1.     Short Statement of the Facts of the Case.**

In May 2025, Preston Wallace Turbeville and Marissa Martorelli ("Plaintiffs") applied for an apartment at The Willows at Grande Dunes apartment complex, which was managed by Defendant RPM Living, LLC at the time of the application. As part of the application process, a background screening report was conducted on both Plaintiffs by First Advantage Background Services Corp. ("First Advantage"), which revealed the appearance of criminal history attributed to Plaintiff Martorelli. The presence of this criminal history on the background report subsequently

resulted in the initial denial of Plaintiffs' housing application.  Upon being notified of the denial, Plaintiffs submitted a written accommodation request to Defendants, which alleged that the criminal history present on Plaintiff Martorelli's background report stemmed from an episode relating to her alleged disability. In response to this communication from Plaintiffs, Defendants Suggs and Battenfeld informed Plaintiffs that they were unable to complete an internal override of the result of Plaintiff Martorelli's background report until the issue with said report was resolved with First Advantage. Defendants Suggs and Battenfeld informed Plaintiffs that they would revisit the screening and application processes once this issue was resolved, but Plaintiffs ceased all communications with Defendants Suggs and Battenfeld and began to build this lawsuit.

Plaintiffs allege that Defendants violated the Fair Housing Act ("FHA") on the basis of disability, specifically 42 U.S.C. § 3604(f), by allegedly failing to accommodate or assess Plaintiffs' written request attributed to Plaintiff Martorelli's alleged disability. Plaintiffs also allege that Defendants violated multiple provisions of the Fair Credit Reporting Act ("FCRA"), including 15 U.S.C. §§ 1681b and 1681m, by allegedly failing to provide them with a pre-adverse action notice before the denial of their housing application, allegedly failing to provide them with an adverse action notice after the denial of their housing application, and by allegedly re-pulling Plaintiff Martorelli's background report without a permissible purpose for doing so. Moreover, Plaintiffs allege that Defendants RPM Living, LLC and Gardner are liable for the state law tort of negligent hiring, retention, and supervision for allowing Defendants Suggs and Battenfeld to engage in activities that allegedly required an active real-estate or property management license. Finally, Plaintiffs allege that Defendants violated 42 U.S.C. § 3617 of the Fair Housing Act by allegedly interfering with Plaintiffs' rights under the FHA and retaliating against them by way of making misleading statements and refusing to engage with them.

**2.** **Names of Fact Witnesses Likely to Be Called by the Party and a Brief Summary of Their Expected Testimony.**

Defendants anticipate that they will call one or more of the following individuals as fact witnesses:

a) Preston Wallace Turbeville

Plaintiff is expected to testify regarding the allegations he has made in the Complaint.

b) Marissa Martorelli

Plaintiff is expected to testify regarding the allegations she has made in the Complaint.

c) Jenny Suggs

Defendant Jenny Suggs, who was the Community Manager of The Willows at Grande Dunes at the time Plaintiffs submitted their application, is knowledgeable about Plaintiffs' application and the interactions she had with Plaintiffs alongside Defendant Jennifer Battenfeld. She would be expected to testify regarding the same.

d) Jennifer Battenfeld

Defendant Jennifer Battenfeld, who was a Leasing Associate at The Willows at Grande Dunes at the time Plaintiffs submitted their application, is knowledgeable about Plaintiffs' application and the interactions she had with Plaintiffs alongside Defendant Jenny Suggs. She would be expected to testify regarding the same.

e) Andrew Gardner

Defendant Gardner, Broker for RPM Living, LLC, is knowledgeable about the required processes for Defendant RPM Living, LLC to ensure its properties are in full compliance with applicable state real estate and residential property management licensure laws of the states in which Defendant RPM Living, LLC manages properties. He would be expected to testify regarding the same.

Defendants anticipate that there will be additional fact witnesses identified during discovery. Defendants reserve the right to supplement their response to this inquiry in the course of discovery and to call as witnesses at trial any individuals deposed or identified by Plaintiffs or Defendants in other disclosures, discovery responses, or document production.

3.    <u>**Names and Subject Matter of Expert Witnesses. (If no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.)**</u>

At this time, Defendants have not yet determined which expert witnesses, if any, they will offer in this matter. Defendants reserve the right to amend or supplement their response to this inquiry as it becomes necessary or appropriate in the future.

4.    <u>**Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting the Same.**</u>

Plaintiffs assert four causes of action against Defendants: (1) disability discrimination for failure to accommodate under the FHA; (2) multiple statutory violations under the FCRA, including failure to provide pre-adverse action notice, failure to provide adverse action notice, and the use of a consumer report without a permissible purpose; (3) negligent hiring, retention, and supervision under South Carolina law; and (4) retaliation and interference under 42 U.S.C. § 3617 of the FHA. Defendants deny all liability and damages associated with Plaintiffs' claims.

As an initial matter, Defendants filed a motion to dismiss, along with a supporting memorandum of law, on May 19, 2026 (ECF Nos. 91, 91-1)[1], seeking dismissal of all of Plaintiffs' claims against them with prejudice. Should this Court fail to grant Defendants' motion in its entirety and dismiss with prejudice all of Plaintiffs' asserted claims, Defendants expect to use similar legal arguments as those proffered in their memorandum of law in support of their Motion to Dismiss (ECF No. 91-1) to defend against any surviving claims as the case progresses. Before defending against Plaintiffs' substantive claims, Defendants expect to rely upon the Supreme

---

[1] In response to the motions to dismiss filed by all Defendants (ECF Nos. 87, 91-92), Plaintiffs filed an Response in Opposition (ECF No. 97) that referred the Court to their proposed Second Amended Complaint (ECF No. 98-1) included as an attachment to their Motion for Leave to File Second Amended Complaint (ECF No. 98). Defendants intend to file a Response in Opposition to this Motion on June 9, 2026. Nevertheless, because Plaintiffs' First Amended Complaint (ECF No. 83) is currently the operative pleading in this action, Defendants' response to Interrogatory #4 is based upon the claims asserted in Plaintiffs' First Amended Complaint.

Court's interpretation of Article III of the United States Constitution to address issues related to Plaintiff Turbeville's standing in this action. *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). In defending against Plaintiffs' substantive claims under the FHA, Defendants expect to continue to rely on the language of the FHA and various other administrative and judicial interpretations of this statute. *See, e.g.,* 42 U.S.C. §§ 3604(f), 3617; *Scoggins v. Lee's Crossing Homeowner's Ass'n*, 718 F.3d 262 (4th Cir. 2013); *Bryant Woods Inn v. Howard Cnty.*, 124 F.3d 597 (4th Cir. 1997); *Hall v. Greystar Mgmt. Servs.*, *L.P.*, 637 Fed. App'x 93 (4th Cir. 2016). In defending against Plaintiffs' substantive claims for violation of the FCRA, Defendants expect to continue to rely on the language of the FCRA and various other administrative and judicial interpretations of this statute. *See, e.g.*, 15 U.S.C. §§ 1681b(b)(3), 1681m; *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890 (D.S.C. 2016), *report and recommendation adopted*, 172 F. Supp. 3d 890 (D.S.C. 2016). Finally, in defending against Plaintiffs' claim for negligent hiring, retention, and supervision, Defendants expect to continue to rely upon judicial interpretations of this tort under South Carolina law. *See Doe v. ATC, Inc.*, 367 S.C. 199, 624 S.E.2d 447 (Ct. App. 2005); *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (S.C. 1992). Defendants did not act in an unlawful manner toward the Plaintiffs and deny each of their claims on the merits.

Should the Court decide not to grant dismissal against all of Plaintiffs' claims against Defendants with prejudice, Defendants anticipate that there will be additional statutory, regulatory, and case law to support their legal defenses and theories based on specific facts to be determined in discovery. Accordingly, Defendants reserve the right to rely on such authority as this case proceeds, to Answer Plaintiffs' Amended Complaint if necessary, amend any such Answer, and to supplement their legal authority, including identifying such authority in a dispositive motion.

5.    **Proposed Dates for the Following Deadlines Listed in Local Civil Rule 16.02:**

    a.    <u>Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.</u>

As set forth in their Proposed Amended Scheduling Order, all Defendants propose having Plaintiff's expert disclosures due no later than one-hundred and twenty ("120") days after the resumption of discovery following the Court's ruling on the pending motions to dismiss or any motions to dismiss any amended complaint, as all Defendants have requested a stay of further discovery until after the Court issues rulings on all Defendants' motions to dismiss against Plaintiff or any motions to dismiss any amended complaint.

As set forth in their Proposed Amended Scheduling Order, all Defendants propose having Defendant's expert disclosures due no later than one-hundred and fifty ("150") days after the resumption of discovery following the Court's ruling on the pending motions to dismiss or any motions to dismiss any amended complaint, as all Defendants have requested a stay of further discovery until after the Court issues rulings on all Defendants' motions to dismiss against Plaintiff or any motions to dismiss any amended complaint.

b.     <u>Completion of discovery</u>.

As set forth in their Proposed Amended Scheduling Order, all Defendants propose to complete discovery no later than one-hundred and eighty ("180") days after the resumption of discovery following the Court's ruling on the pending motions to dismiss or any motions to dismiss any amended complaint, as all Defendants have requested a stay of further discovery until after the Court issues rulings on all Defendants' motions to dismiss against Plaintiff or any motions to dismiss any amended complaint.

c.     <u>Mediation.</u>

As set forth in their Proposed Amended Scheduling Order, all Defendants propose that mediation shall be completed no later than one-hundred and eighty ("180") days after the resumption of discovery following the Court's ruling on the pending motions to dismiss or any motions to dismiss any amended complaint, as all Defendants have requested a stay of further discovery until after the Court issues rulings on all Defendants' motions to dismiss against Plaintiff or any motions to dismiss any amended complaint.

d.     <u>Dispositive Motions.</u>

As set forth in their Proposed Amended Scheduling Order, all Defendants propose that dispositive motions shall be filed no later than two-hundred and ten ("210") days after the resumption of discovery following the Court's ruling on the pending motions to dismiss or any motions to dismiss any amended complaint, as all Defendants have requested a stay of further discovery until after the Court issues rulings on all Defendants' motions to dismiss against Plaintiff or any motions to dismiss any amended complaint.

**6.**     **Special Circumstances Which Would Affect the Time Frames Applied in Preparing the Scheduling Order.**

Upon information and belief, current counsel for Defendant Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes ("Gateway") will be preparing a Motion to Withdraw and Substitute counsel in the coming days. Accordingly, because substitute counsel will need sufficient time to notice their appearance and otherwise onboard the case from Gateway's current counsel, all Defendants have proposed an extension of the deadlines established in the Court's Amended Scheduling Order (ECF No. 84). Otherwise, Defendants are unaware at this time of any special circumstances that would affect the time frames applied in the Proposed Amended Scheduling Order.

**7.**     **Any Additional Information Requested in the Pre-Scheduling Order or Otherwise Requested by the Assigned Judge.**

No additional information has been requested at this time.

Respectfully submitted,

By: */s/ D. Randle Moody, II*
D. Randle Moody, II (Fed Id. No. 7169)
Email: Randy.Moody@jacksonlewis.com
G. Bryce Goodwyn (Fed. I.D. No. 14633)
Bryce.Goodwyn@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, South Carolina 29601
P: (864) 232-7000
F: (864) 235-1381

*ATTORNEYS FOR DEFENDANTS RPM LIVING, LLC, JENNIFER BATTENFELD, JENNY SUGGS, AND O.H. GARDNER*

Dated: June 9, 2026

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Preston Wallace Turbeville and Marissa Martorelli, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: 4:25-cv-12579-JD-TER |
| | ) | |
| V. | ) | |
| | ) | |
| RPM Living, LLC, Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes, First Advantage Background Services Corp, Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), Andrew O.H. Gardner (Broker-in-Charge for RPM Living), | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, a true and accurate copy of the foregoing

**DEFENDANTS' RESPONSES TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** was

served on *pro se* Plaintiffs via email and U.S. Mail as follows:

Preston Wallace Turbeville
Marissa Martorelli
173 Gadwall Way, Unit 3400
Murrells Inlet, SC  29576
pwallace92@yahoo.com
marissamartorelli@icloud.com

[SIGNATURE BLOCK ON NEXT PAGE]

8

s/ / *D. Randle Moody, II*
Randle Moody, II (Fed I.D. No. 7169)
Randy.moody@jacksonlewis.com
G. Bryce Goodwyn (Fed. I.D. No. 14633)
Bryce.goodwyn@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone: 864-232-7000
Fax: 864-235-1381

*ATTORNEYS FOR DEFENDANTS RPM LIVING, LLC, JENNIFER BATTENFELD, JENNY SUGGS, AND O.H. GARDNER*