IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PRESTON WALLACE TURBEVILLE and MARISSA MARTORELLI,<br><br>Plaintiffs,<br><br>v.<br><br>RPM LIVING, LLC; GATEWAY COMMUNITIES OF MYRTLE BEACH, LLC d/b/a THE WILLOWS AT GRANDE DUNES; FIRST ADVANTAGE BACKGROUND SERVICES CORP.; JENNY SUGGS (individually and in her official capacity); JENNIFER BATTENFELD (individually and in her official capacity); and ANDREW O.H. GARDNER (Broker-in-Charge for RPM Living,<br><br>Defendants. | Case No. 4:25-cv-12579-JD-TER<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys and pursuant to Local Civil Rule 26.03, states as follows:

## INFORMATION REQUIRED UNDER LOCAL CIVIL RULE 26.03

1.     **A short statement of the facts of the case.**

**ANSWER:**  In August 2018, Plaintiff Marissa Martorelli was charged with criminal trespass and theft in New Jersey.  Martorelli later pled guilty to an amended charge of disorderly conduct, a violation of municipal law.  In May 2025, Plaintiffs applied for housing at The Willow at Grande Dunes, an apartment complex in Myrtle Beach owned by Gateway Communities and managed by RPM Living.  First Advantage prepared a residential screening report on Plaintiff Martorelli, which included information regarding her New Jersey criminal records.  One of RPM's "Property Qualifying Criteria" was for the "Applicant [to have] no

criminal records (excluding DWI and DWLS)." Based on the information returned in the search, First Advantage accurately reported that Plaintiff Martorelli did not satisfy that requirement.

**2.      The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

(a) Matthew O'Connor

Mr. O'Connor is a Vice President of Operations for First Advantage. Mr. O'Connor may testify about the residential screening report that First Advantage prepared on Plaintiff Martorelli in May 2025, including the preparation, content, and source of the information in the report. Mr. O'Connor may also testify about First Advantage's policies and procedures relating to the reporting of criminal record information.

(b) Employees or representatives of RPM Living, LLC

First Advantage may call employees or representatives of RPM to testify about the order, access, and use of Plaintiff Martorelli's residential screening report; RPM's relationship with Plaintiffs, including Plaintiffs' rental application, Plaintiffs' eligibility for housing at the Willows at Grande Dunes, and communications between Plaintiffs and RPM.

(c) Employees or representatives of Gateway Communities of Myrtle Beach, LLC

First Advantage may call employees or representatives of Gateway Communities to testify about Gateway's relationship with Plaintiffs, including Plaintiffs' rental application, Plaintiffs' eligibility for housing at the Willows at Grande Dunes, and communications between Plaintiffs and Gateway.

(d) Employees or representatives of the Superior Court of Bergen County, New Jersey

First Advantage may call employees or representatives of the Superior Court of Bergen County, New Jersey to testify about criminal records that belong to Plaintiff Marissa Martorelli.

First Advantage may identify additional witnesses as discovery continues.

**3.      The names and subject matter of expert witnesses (if no expert witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:**  At this time, First Advantage does not expect to call any expert witnesses, but may retain expert witnesses to testify about the scope and extent of Plaintiffs' alleged damages.

**4.      A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:**  Plaintiffs assert claims against First Advantage under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  ("FCRA").  First Advantage denies that it violated the FCRA and further denies that Plaintiffs are entitled to any relief whatsoever.  The following cases, among others, support First Advantage's defenses in this case:

- *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007);

- *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016);

- *Waters v. HireRight, LLC*, No. 4:23-CV-06668-SAL, 2025 WL 4317687, at *5 (D.S.C. Sept. 16, 2025); and

- *Gadson v. Experian Info. Sols., Inc.*, No. 2:23-CV-00029-BHH-MHC, 2024 WL 3745476, at *7 (D.S.C. July 18, 2024), r*eport and recommendation adopted*, No. 2:23-CV-29-BHH, 2024 WL 3742464 (D.S.C. Aug. 9, 2024).

First Advantage also relies on the cases cited in its Memorandum of Law in Support of its

Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 87-1).

**5.      Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.):**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

(b) **Completion of discovery.**

**RESPONSE:**  Defendants have requested a stay of discovery until the Court rules on the pending motions to dismiss or any motions to dismiss Plaintiffs' proposed  amended complaint. If and when discovery resumes, Defendants propose the deadlines set forth in the Proposed Amended Scheduling Order, which Defendants submitted to the Court on June 9, 2026.

**6.      Any special circumstances that would affect the time frames applied in preparing the scheduling order.  *See generally* Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

**RESPONSE:**  Defendants have requested a stay of discovery until the Court rules on the pending motions to dismiss or any motions to dismiss Plaintiffs' proposed amended complaint.

**7.      Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

**RESPONSE:**  None.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.


By: *s/Adam N. Yount*

HAYNSWORTH SINKLER BOYD, P.A.
Adam N. Yount
Fed. ID No. 10313
E. Elliot Condon
Fed. ID No. 13102
Carlisle B. Allen
Fed. ID No. 14288
134 Meeting Street, Third Floor (29401)
P.O. Box 340
Charleston, SC 29402-0340
T - 843.722.3366
ayount@hsblawfirm.com
econdon@hsblawfirm.com
callen@hsblawfirm.com

SEYFARTH SHAW LLP
Frederick T. Smith
Georgia Bar No. 657575*
Esther Slater McDonald
Georgia Bar No. 649005*
emcdonald@seyfarth.com
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
T - 404. 885.1500
fsmith@seyfarth.com
emcdonald@seyfarth.com

*Admitted pro hac vice*

Date:  June 11, 2026

Attorneys for Defendant First Advantage
Background Services Corp.

.

- 5 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 11, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of such filing to all counsel of record.  I further certify that the foregoing was mailed by the United States Postal Service to Plaintiffs at the address listed below:

Preston Wallace Turbeville
Marissa Martorelli
173 Gadwall Way, Unit 3400
Murrells Inlet, South Carolina 29567

*s/Adam N. Yount*
Adam N. Yount

326497600v.2