**RECEIVED**

JUN 2 2 2026

FLORENCE, S.C.

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

Plaintiffs,

vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
   *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

Defendants.

C/A: 4:25-cv-12579-JD-TER

PLAINTIFFS' EXPLANATORY DECLARATION AND STATEMENT OF CONTEXT

IN SUPPORT OF MOTIONS FOR EXCESS PAGES

Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding pro se,

respectfully submit this Statement of Context to the Court in conjunction with their

concurrently filed Motions for Excess Pages. Plaintiffs deeply respect this Honorable

Court, the presiding Judge, and the Magistrate Judge, and enter this statement to

explain the extraordinary circumstances necessitating the volume of the proceeding discovery enforcement motions.

1. Deference to the Court and Respect for Judicial Time: Plaintiffs are acutely aware that the attached motions are extensive and text-dense. It is not Plaintiffs' desire to overwhelm the Court or abuse its valuable time. However, as unrepresented litigants facing a highly capitalized corporate defense apparatus, Plaintiffs have no alternative but to zealously stick up for themselves and protect the integrity of the evidentiary record.

2. The Mathematical Necessity of Length: The sheer volume of pages is a direct reflection of the case's structural complexity, which involves six distinct defendants (including multi-state corporate entities). To ensure absolute clarity and scannability for the Court, Plaintiffs chose a line-by-line format that pairs each verbatim request with the literal defense objection and the specific legal deficiency. While this layout scales up the physical page count, it was executed precisely to save the Court time by preventing the judiciary from having to flip back and forth between isolated exhibit indices.

3. Strict Adherence to Federal Rules and Relevance: Plaintiffs wish to emphasize that they did not overwhelm the Defendants with an abusive or excessive volume of discovery. Plaintiffs strictly followed the standard numerical limits set forth by the Federal Rules of Civil Procedure regarding the amount of interrogatories, requests for production, and requests for admission. Furthermore, every single discovery item requested is directly, factually, and strictly tied to the active claims and defenses in this litigation.

4. Exhaustion of Alternative Formats and Process of Elimination: Plaintiffs arrived at this comprehensive motions format through a strict process of elimination, as alternative options are procedurally incapable of addressing the depth of the current dispute:

**Can Plaintiffs sit down and meet-and-confer with them?** No. Under Local Civil Rule 7.02, the mandatory consultation requirement is technically waived for pro se litigants due to the inherent power imbalance. Despite this waiver, Plaintiffs extended a formal, voluntary 15-day Discovery Deficiency Notice to defense counsel to cure these defaults out of court. Defendants rejected this voluntary window. They have chosen a defensive posture of non-cooperation and will not reasonably work with unrepresented parties.

**Can Plaintiffs simply request an informal discovery conference?** Plaintiffs could, but an unbriefed, informal conference is legally insufficient to address the structural problems in this record. An oral conference would completely bypass the permanent public docket, meaning the severe extent of Defendants' bad-faith boilerplate responses, contradictory admissions, total failure to deliver mandatory privilege logs, and abusive confidentiality stamps would never be written down for the court to formally analyze.

**Why are these extensive motions the only viable option?** For an unrepresented litigant, this formal record is the only weapon available to secure accountability. Filing these comprehensive, line-by-line deconstructions ensures that the true history of Defendants' discovery conduct is indelibly written into the public docket. Regardless of whether these pages are ruled upon exactly as submitted, or whether they ultimately

guide the Court to order a formal scheduling conference or secondary enforcement action, the vital arguments are safely pinned to the record for trial track tracking.

5. Extreme Posture of Defense Non-Compliance and Tactical Attrition: The underlying discovery requests have been in Defendants' active possession for over six (6) months. Following this Court's explicit May 5, 2026 Order mandating complete responses within a strict 30-day window, Defendants served empty placeholder productions, unsworn text rows, un-logged privilege claims, and sweeping confidentiality stamps over public administrative records. It is entirely clear that Defendants' coordinated strategy was one of tactical attrition—they assumed that by delivering such a massive volume of sweeping non-compliance across six different tracks, unrepresented litigants would simply fold under the pressure and lack the ability to enforce the rules. Plaintiffs are doing their absolute best to stand tall with a backbone in this litigation, to demonstrate that their legal rights cannot be ignored, and to follow the Federal Rules of Civil Procedure to the absolute best of their ability. Because Plaintiffs are unsure how to enforce these statutory boundaries on their own against national defense firms, they must reach out to the Court to enforce every specific item that is insufficient as a matter of law.

6. Explicit Absolute Deference to Judicial Discretion: Plaintiffs completely honor and defer to the judgment, wisdom, and procedural direction of this Court. Should this Honorable Court determine that reviewing these comprehensive motions is too burdensome at this juncture, and consequently choose to deny the excess page motions without prejudice in favor of an intermediary action—such as a Discovery

Conference, a Magistrate Hearing, or an ordered meet-and-confer—Plaintiffs will follow the Court's direction to the absolute letter.

7. Plaintiffs' Singular Request: If the Court elects to handle these discovery disputes through alternative scheduling or an intermediary conference, Plaintiffs humbly ask only that these formatted arguments be permitted to stand on the public record to preserve the historical chronology of Defendants' bad-faith maneuvers. Plaintiffs stand ready to accept any guidance, scheduling modifications, or procedural directions the Court deems most fit, equitable, and just.

Respectfully submitted,

Dated: June 22, 2026

Preston Wallace Turbeville, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

pwallace92@yahoo.com

Marissa Martorelli, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

marissamartorelli@icloud.com

This document will be systematically served upon all counsel of record registered in this action via the Court's Electronic Case Filing (ECF) system.



Marissa Martorelli