# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

        Plaintiffs,

    vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
    *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

        Defendants.

**RECEIVED**

JUN 2 2 2026

FLORENCE, S.C.

C/A: 4:25-cv-12579-JD-TER

**Plaintiffs' Motion for Leave to File an Excess-Page Brief**

**Support of Plaintiffs' Master Omnibus Motion to Compel Regarding Defendant First Advantage Background Services Corp.**

Pursuant to the Local Civil Rules for the District of South Carolina, Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding *pro se*, respectfully move this Court for an Order granting them leave to file an excess-page brief in support of their concurrently filed *Master Omnibus Motion to Compel Discovery Responses, to*

*Determine the Sufficiency of Admissions, and for Sanctions Against Defendant First Advantage Background Services Corp.* In support of this Motion, Plaintiffs show the Court the following:

## 1. Extreme Factual Complexity and Volume of Deficient Responses, Answers, and Objections

This statutory action under the Fair Credit Reporting Act (FCRA) involves an intricate web of electronic data transmissions, algorithmic database parameters (such as Criteria Code CM300), and automated classification rejections. On June 4, 2026, Defendant First Advantage served its formal responses, answers, and objections to Plaintiffs' written discovery sets. Across those filings, First Advantage deployed a vast array of highly technical, over-layered boilerplate objections alongside evasive answers and text responses spanning all three discovery tracks.

To properly and thoroughly inform the Court, Plaintiffs were procedurally required to execute an exhaustive, page-by-page, line-by-line deconstruction of every single deficient answer, response, and objection. Merely summarizing these issues would deny the Court the precise factual background required to evaluate the validity of Defendant's text blocks. Consequently, once formatted under this Court's standard clerical presentation rules, **the final double-spaced motion comfortably exceeds fifty (50) pages in length.**

## 2. Promotion of Judicial Economy and Prevention of Docket Congestion

There are currently five separate active corporate defendants in this litigation subject to these discovery enforcement parameters. Each individual defendant served separate text responses, answers, and objections to Plaintiffs' Interrogatories, Requests for Production of Documents, and Requests for Admissions.

Plaintiffs carefully considered blending all five corporate entities into a single massive, multi-party omnibus brief, or conversely, breaking the dispute down into three separate rule-specific motions per defendant (Interrogatories, Productions, and Admissions separately). However, Plaintiffs recognized that filing fifteen (15) separate motions simultaneously would completely clog the electronic case filing (ECF) system and trigger a severe docket management crisis for the Court, the Clerk, and defense counsel.

## 3. Strategic "By Defendant" Organization Blueprint

To make this high volume of information judicially quick, structured, and easy to read, Plaintiffs determined that the most efficient and cohesive method for all parties and the Court is to file **one single, master omnibus motion dedicated entirely to each specific defendant**.

Under this pristine structure, the motion for each defendant stands alone, cleanly organized internally into distinct divisions containing:

- Every unsworn Interrogatory answer and corresponding objection being compelled under **Rule 33**;

- Every empty document repository, boilerplate objection, and missing Privilege Log being compelled under **Rule 34**; and

- Every evasive, bad-faith text denial and meritless objection being tested for factual sufficiency under **Rule 36**.

By grouping the tracks "by defendant," the Court can look at the complete operational conduct and systemic compliance posture of First Advantage within a single, localized look, rather than having to flip back and forth between multiple disjointed motions scattered across the docket. Plaintiffs will be filing the master omnibus motions for the other respective defendants simultaneously, allowing the Court to address the entire discovery dispute in a clean, uniform manner.

## 4. Clarification Regarding Defendant Gateway Communities

Plaintiffs note for the record that the sixth corporate defendant listed on the pleadings, **Gateway Communities of Myrtle Beach, LLC**, is not currently a subject of these master discovery enforcement motions. As confirmed on the record, Gateway's counsel has identified an active structural conflict of interest, necessitating a temporary stay of their active discovery tracks while they secure independent substitute legal counsel. Accordingly, Plaintiffs have responsibly carved Gateway out of this filing track to protect the integrity of the remaining scheduling order parameters.

### 5. Absolute Good Faith and Mandatory Cost-Shifting Realities

Plaintiffs have acted in absolute good faith throughout this process, even granting the defendants a voluntary **15-day courtesy cure window** to fix their non-compliant answers, responses, and objections before seeking judicial intervention. First Advantage chose to let that window elapse without producing a single file or correcting a single deficiency.

Granting this extension of pages will cause zero prejudice to the defendants, who are represented by extensive national defense firms. Conversely, it will directly assist the Court's law clerks by delivering a highly organized, line-by-line template that simplifies the drafting of the final discovery Order, and cleanly preserves Plaintiffs' right to shift out-of-pocket expenses (including excessive paper and printing ink costs) under **FRCP 37(a)(5)(A)**.

### Conclusion & Relief Sought

For the reasons stated above, and to ensure that a complete, un-truncated presentation of the discovery record is made available to the Court, Plaintiffs respectfully request that this Court **GRANT** their Motion for Leave to File an Excess-Page Brief, permit their concurrently filed Master Omnibus Motion against First Advantage to stand on the active docket as formatted, and order that the double-spaced text track be accepted by the Clerk of Court.

Respectfully submitted,

Dated: June 22, 2026

**Preston Wallace Turbeville** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

**Marissa Martorelli** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

**Certificate of Service**

We hereby certify that on this ___22nd___ day of June, 2026, a true and accurate copy of the foregoing *Plaintiffs' Motion for Leave to File an Excess-Page Brief in Support of Plaintiffs' Master Omnibus Motion to Compel Regarding Defendant First Advantage Background Services Corp.*, was hand-filed with the Clerk of Court for the United States District Court for the District of South Carolina at the Florence Courthouse window.

We further certify that the manual filing of this document will systematically trigger an automatic electronic notification via the Court's Electronic Case Filing (ECF) system, which will provide immediate, certified electronic service of this filing to all counsel of record registered in this action.

Respectfully submitted,

Dated:

**Preston Wallace Turbeville** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

pwallace92@yahoo.com

**Marissa Martorelli** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

marissamartorelli@icloud.com