RECEIVED

# UNITED STATES DISTRICT COURT
JUN 2 2 2026
## DISTRICT OF SOUTH CAROLINA
FLORENCE, S.C.

Preston Wallace Turbeville
Marissa Martorelli,

        Plaintiffs,

   vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
    *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

        Defendants.

C/A: 4:25-cv-12579-JD-TER

**Plaintiffs' Motion for Leave to File an Excess-Page Brief**

**Support of Plaintiffs' Master Omnibus Motion to Compel Regarding Defendant RPM Living, LLC**

Pursuant to the Local Civil Rules for the District of South Carolina, Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding *pro se*, respectfully move this Court for an Order granting them leave to file an excess-page brief in support of their concurrently filed *Master Omnibus Motion to Compel Discovery Responses*, to

*Determine the Sufficiency of Admissions, and for Sanctions Against Defendant RPM Living, LLC.* In support of this Motion, Plaintiffs show the Court the following:

## 1. Extreme Factual Complexity and Volume of Deficient Responses, Answers, and Objections

This statutory action involves intricate parameters under the Fair Credit Reporting Act (FCRA), state real estate licensing frameworks, and federal fair housing guidelines. On June 4, 2026, Defendant RPM Living, LLC served its formal responses, answers, and objections to Plaintiffs' written discovery sets. Across those filings, RPM Living deployed a vast array of highly technical, over-layered boilerplate objections alongside evasive answers and text responses spanning all three discovery tracks (Interrogatories, Document Productions, and Requests for Admissions).

To properly and thoroughly inform the Court, Plaintiffs were procedurally required to execute an exhaustive, page-by-page, line-by-line deconstruction of every single deficient answer, response, and objection. Merely summarizing these extensive issues would deny the Court the precise factual background required to evaluate the validity of Defendant's text blocks and structural omissions. Consequently, once formatted under this Court's standard clerical presentation rules, the final double-spaced enforcement motion comfortably exceeds fifty (50) pages in length.

## 2. Promotion of Judicial Economy and Prevention of Docket Congestion

There are currently five separate active corporate and individual defendants linked to the RPM management enterprise in this litigation subject to these discovery

enforcement parameters. Each individual defendant served separate text responses, answers, and objections to Plaintiffs' Interrogatories, Requests for Production of Documents, and Requests for Admissions.

Plaintiffs carefully considered blending all five entities into a single massive, multi-party omnibus brief, or conversely, breaking the dispute down into three separate rule-specific motions per defendant (Interrogatories, Productions, and Admissions separately). However, Plaintiffs recognized that filing fifteen (15) separate motions simultaneously would completely clog the electronic case filing (ECF) system and trigger a severe docket management crisis for the Court, the Clerk, and defense counsel.

### 3. Strategic "By Defendant" Organization Blueprint

To make this high volume of information judicially quick, structured, and easy to read, Plaintiffs determined that the most efficient and cohesive method for all parties and the Court is to file **one single, master omnibus motion dedicated entirely to each specific defendant**.

Under this structure, the motion for each defendant stands alone, cleanly organized internally into distinct divisions containing:

- Every unsworn Interrogatory answer and corresponding objection being compelled under **Rule 33**;

- Every empty document repository, boilerplate objection, and missing Privilege Log being compelled under **Rule 34**; and

- Every evasive, bad-faith text denial and meritless objection being tested for factual sufficiency under **Rule 36**.

By grouping the tracks "by defendant," the Court can look at the complete operational conduct and compliance posture of RPM Living, LLC within a single, localized look, rather than having to flip back and forth between multiple disjointed motions scattered across the docket. Plaintiffs will be filing the master omnibus motions for the other respective individual defendants simultaneously, allowing the Court to address the entire discovery dispute in a clean, uniform manner.

## 4. Clarification Regarding Defendant Gateway Communities

Plaintiffs note for the record that the corporate defendant listed on the pleadings, **Gateway Communities of Myrtle Beach, LLC**, is not currently a subject of these master discovery enforcement motions. As confirmed on the record, Gateway's counsel has identified an active structural conflict of interest, necessitating a temporary stay of their active discovery tracks while they secure independent substitute legal counsel. Accordingly, Plaintiffs have responsibly carved Gateway out of this filing track to protect the integrity of the remaining scheduling order parameters.

## 5. Absolute Good Faith and Mandatory Cost-Shifting Realities

The record shows that RPM Living was in active possession of these discovery requests as early as **November 25, 2025**. Following a period of procedural confusion that was eventually ruled on by this Court, the historical record culminated in the explicit **May 5, 2026 Order**, which gave Defendant a strict 30-day window ending on **June 4,**

**2026** to produce complete files and answers. Effectively, Defendant had approximately six (6) full months to prepare, compile, and review their data lines. Furthermore, Plaintiffs acted in absolute good faith throughout this process, extending a voluntary **15-day courtesy cure window** to resolve these structural deficiencies out of court, which Defendant let elapse without producing a single file or correcting a single deficiency.

Granting this extension of pages will cause zero prejudice to the defendants, who are represented by extensive national defense firms. Conversely, it will directly assist the Court's law clerks by delivering a highly organized, line-by-line template that simplifies the drafting of the final discovery Order, and cleanly preserves Plaintiffs' right to shift out-of-pocket expenses under **FRCP 37(a)(5)(A)**.

**Conclusion & Relief Sought**

For the reasons stated above, and to ensure that a complete, un-truncated presentation of the discovery record is made available to the Court, Plaintiffs respectfully request that this Court **GRANT** their Motion for Leave to File an Excess-Page Brief, permit their concurrently filed Master Omnibus Motion against RPM Living, LLC to stand on the active docket as formatted, and order that the double-spaced text track be accepted by the Clerk of Court.

Respectfully submitted,

Dated: June 9, 2026

**Preston Wallace Turbeville** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

**Marissa Martorelli** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

**Certificate of Service**

We hereby certify that on this 9th day of June, 2026, a true and accurate copy of the foregoing *Plaintiffs' Motion for Leave to File an Excess-Page Brief in Support of Plaintiffs' Master Omnibus Motion to Compel Regarding Defendant RPM Living, LLC,* was hand-filed with the Clerk of Court for the United States District Court for the District of South Carolina at the Florence Courthouse window.

We further certify that the manual filing of this document will systematically trigger an automatic electronic notification via the Court's Electronic Case Filing (ECF) system, which will provide immediate, certified electronic service of this filing to all counsel of record registered in this action.

Respectfully submitted,

Dated: ▆▆▆▆▆▆▆ June, 22, 2026

**Preston Wallace Turbeville** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

pwallace92@yahoo.com

**Marissa Martorelli** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

marissamartorelli@icloud.com