# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

       Plaintiffs,

  vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
   *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official
capacity)*
Jennifer Battenfeld, *(individually and in her
official capacity)*
Andrew O.H. Gardner, *(in his official
capacity as Broker-in-Charge)*

       Defendants.

C/A: 4:25-cv-12579-JD-TER

RECEIVED
JUN 22 2026
FLORENCE, S.C.

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN EXCESS-PAGE BRIEF

## IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO COMPEL

## REGARDING DEFENDANT JENNY SUGGS

NOW COME the Plaintiffs, Preston Wallace Turbeville and Marissa Martorelli,

proceeding *pro se*, and respectfully move this Honorable Court pursuant to the Local

Civil Rules for the District of South Carolina for an Order granting them leave to file an

excess-page brief in support of their concurrently filed Omnibus Motion to Compel

Discovery Responses, to Determine the Sufficiency of Admissions, and for Sanctions Against Defendant Jenny Suggs. In support of this Motion, Plaintiffs show the Court as follows:

## 1. Extreme Factual Complexity and Volume of Deficient Responses, Answers, and Objections

This civil action involves intricate statutory parameters under the Fair Credit Reporting Act (FCRA), federal fair housing directives, and the licensing frameworks governing the practice of property management under South Carolina law. On June 4, 2026, Defendant Jenny Suggs served her purported responses, answers, and objections to Plaintiffs' written discovery requests. Across those filings, Defendant Suggs deployed an array of calculated legal objections, semantic parsing shortcuts, and evasive text responses spanning all three primary discovery tracks: Interrogatories (Rule 33), Requests for Admission (Rule 36), and Requests for Production of Documents (Rule 34).

To properly and thoroughly inform the Court, Plaintiffs were procedurally required to execute an exhaustive, page-by-page, line-by-line clinical deconstruction of every single deficient entry. Merely summarizing these widespread issues in a generalized block would deny the Court the precise factual background required to evaluate the invalidity of Defendant's text entries and her systemic failure to sign her responses under a valid statutory oath. Consequently, once formatted under this Court's standard clerical presentation rules, the detailed enforcement motion comfortably exceeds the standard page limitations of this district.

## 2. Promotion of Judicial Economy and Prevention of Docket Congestion

There are currently multiple corporate and individual defendants linked to the RPM management enterprise in this litigation subject to these discovery enforcement parameters. Each individual defendant served separate text responses, answers, and objections to Plaintiffs' written discovery sets.

Plaintiffs carefully considered blending all entities into a single, massive, multi-party omnibus brief, or conversely, breaking the dispute down into three separate rule-specific motions per defendant (Interrogatories, Productions, and Admissions separately). However, Plaintiffs recognized that filing fifteen (15) separate discovery motions simultaneously would completely clog the electronic case filing (ECF) system and trigger a severe docket management crisis for the Court, the Clerk, and defense counsel.

## 3. Strategic "By Defendant" Organization Blueprint

To make this high volume of information judicially quick, structured, and easy to read, Plaintiffs determined that the most efficient and cohesive method for all parties and the Court is to file one single, master omnibus motion dedicated entirely to each specific defendant.

Under this structure, the motion for Defendant Jenny Suggs stands alone, cleanly organized internally into distinct divisions containing:

- Every unsworn Interrogatory answer and corresponding objection being compelled under Rule 33;

- Every evasive, bad-faith text denial and qualified response being tested for factual sufficiency under Rule 36; and

- Every empty document repository, boilerplate objection, and missing Privilege Log being compelled under Rule 34.

By grouping the tracks "by defendant," the Court can look at the complete operational conduct and compliance posture of Defendant Jenny Suggs within a single, localized volume, rather than having to flip back and forth between multiple disjointed motions scattered across the docket. Plaintiffs are filing the master omnibus motions for the other respective defendants concurrently, allowing the Court to address the entire discovery dispute in a clean, uniform manner.

## 4. Clarification Regarding Defendant Gateway Communities

Plaintiffs note for the record that the corporate defendant listed on the pleadings, Gateway Communities of Myrtle Beach, LLC, is not currently a subject of these master discovery enforcement motions. As confirmed on the record, Gateway's counsel has identified an active structural conflict of interest, necessitating a temporary stay of their active discovery tracks while they secure independent substitute legal counsel. Accordingly, Plaintiffs have responsibly carved Gateway out of this filing track to protect the integrity of the remaining scheduling order parameters.

## 5. Absolute Good Faith and Mandatory Cost-Shifting Realities

The record shows that Defendant Suggs was in active possession of these discovery requests as early as November 25, 2025. Following a period of procedural confusion that was eventually ruled on by this Court, the historical record culminated in an explicit Order giving the Defendants a strict 30-day window ending on June 4, 2026, to produce complete files and answers. Effectively, Defendant had approximately six (6) full months to prepare, compile, and review her data lines. Furthermore, Plaintiffs acted in absolute good faith throughout this process, extending a voluntary 15-day courtesy cure window to resolve these structural deficiencies out of court, which Defendant Suggs let elapse without producing a single file or correcting her unsworn discovery track.

Granting this extension of pages will cause zero prejudice to the defendants, who are represented by extensive national defense firms. Conversely, it will directly assist the Court's law clerks by delivering a highly organized, line-by-line template that simplifies the drafting of the final discovery Order, and cleanly preserves Plaintiffs' right to shift out-of-pocket expenses under **FRCP 37(a)(5)(A)**.

## CONCLUSION & RELIEF SOUGHT

For the reasons stated above, and to ensure that a complete, un-truncated presentation of the discovery record is made available to the Court, Plaintiffs respectfully request that this Court **GRANT** their Motion for Leave to File an Excess-Page Brief, permit their concurrently filed Omnibus Motion against Defendant Jenny Suggs to stand on the

active docket as formatted, and order that the double-spaced text track be accepted by the Clerk of Court.

Dated: June 22, 2026

Respectfully submitted,

**Preston Wallace Turbeville,** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

pwallace92@yahoo.com

**Marissa Martorelli,** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

marissamartorelli@icloud.com

## CERTIFICATE OF SERVICE

We hereby certify that on this 22nd day of June, 2026, a true and accurate copy of the foregoing Plaintiffs' Motion for Leave to File an Excess-Page Brief in Support of Plaintiffs' Omnibus Motion to Compel Regarding Defendant Jenny Suggs was hand-filed with the Clerk of Court for the United States District Court for the District of South Carolina at the Florence Courthouse window.

We further certify that the manual filing of this document will systematically trigger an automatic electronic notification via the Court's Electronic Case Filing (ECF) system, which will provide immediate, certified electronic service of this filing to all counsel of record registered in this action.

Dated: June 22, 2026

Respectfully submitted,

**Preston Wallace Turbeville,** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

pwallace92@yahoo.com

**Marissa Martorelli,** *Plaintiff Pro Se* 173 Gadwall Way, Unit 3400

Murrells Inlet, South Carolina 29576

marissamartorelli@icloud.com