**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Preston Wallace Turbeville and Marissa Martorelli, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: 4:25-cv-12579-JD-TER |
| | ) | |
| v. | ) | |
| | ) | |
| RPM Living, LLC, Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes, First Advantage Background Services Corp, Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), Andrew O.H. Gardner (Broker-in-Charge for RPM Living), | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GATEWAY COMMUNITIES OF MYRTLE BEACH, LLC d/b/a THE
WILLOWS AT GRANDE DUNES' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes ("Gateway" or "Defendant"), by and through its counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure, Local Civ. Rule 7.06, and other applicable law, respectfully submits this Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 98).

## I.    INTRODUCTION

Plaintiffs seek leave to file a Proposed Second Amended Complaint pursuant to Rule 15(a)(2). Although Plaintiffs contend that the proposed pleading cures the deficiencies identified

in Defendants' pending motions to dismiss, the Proposed Second Amended Complaint does not remedy those deficiencies and therefore remains subject to dismissal under Rule 12(b)(6).

The issue before the Court is a narrow one. It is not whether Plaintiffs have expanded their factual narrative, reorganized their allegations, or incorporated additional legal theories. Nor is it whether the Proposed Second Amended Complaint differs from its predecessor in length or presentation. Rather, the dispositive question is whether Plaintiffs have remedied the pleading deficiencies identified in Gateway's Motion to Dismiss such that the proposed pleading would survive scrutiny under Rule 12(b)(6). They have not.

Rule 15 does not require leave to amend where amendment would be futile. Because the Proposed Second Amended Complaint fails to cure the deficiencies identified in Gateway's Motion to Dismiss and would remain subject to dismissal under Rule 12(b)(6), Plaintiffs' Motion for Leave should be denied.

## II.      PROCEDURAL BACKGROUND

On May 5, 2026, the Court granted Plaintiffs' Motion for Leave to File First Amended Complaint and directed the Clerk of Court to file the First Amended Complaint, which became the operative pleading in this action. (ECF Nos. 82, 83).

On May 19, 2026, Gateway filed its Motion to Dismiss and Memorandum in Support pursuant to Rule 12(b)(6). (ECF Nos. 92, 92-1).

On May 26, 2026, Plaintiffs filed both their Response in Opposition to Gateway's Motion to Dismiss (ECF No. 97) and their Motion for Leave to File a Second Amended Complaint (ECF No. 98), attaching their Proposed Second Amended Complaint as Exhibit 1. (ECF No. 98-1).

### III. APPLICABLE LAW

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic and may be denied where the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

An amendment is futile if the proposed amended complaint would fail to survive a motion to dismiss under Rule 12(b)(6). *United States ex rel. Wilson v. Kellogg Brown & Root*, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Accordingly, leave to amend should be denied where the proposed amended complaint would remain subject to dismissal under Rule 12(b)(6).

### IV. ARGUMENT

Plaintiffs seek leave to file a Proposed Second Amended Complaint on the ground that it cures the pleading deficiencies identified in Defendants' pending motions to dismiss. It does not.

The Proposed Second Amended Complaint unquestionably expands upon Plaintiffs' prior pleading. Plaintiffs add approximately thirty pages of factual allegations, legal argument, and narrative in an apparent effort to address the issues raised by Defendants' motions. The relevant inquiry under Rule 15, however, is not whether Plaintiffs have drafted a longer complaint, but whether they have cured the pleading deficiencies previously identified such that the Proposed Second Amended Complaint would survive a motion to dismiss under Rule 12(b)(6). It would not.

Gateway's Motion to Dismiss identified several independent pleading deficiencies requiring dismissal of the First Amended Complaint. Most fundamentally, Gateway demonstrated that Plaintiffs failed to plead specific factual allegations directed to Gateway and instead relied almost exclusively on generalized allegations against all Defendants. Gateway further demonstrated that Plaintiffs failed to plausibly plead essential elements of their Fair Housing Act

3

claims, including the existence of a qualifying disability, the necessity of the requested accommodation, and a sufficient causal nexus between Plaintiffs' alleged disabilities and Gateway's purported conduct. Gateway likewise identified independent deficiencies in Plaintiffs' Fair Credit Reporting Act claim. Although Plaintiffs have substantially revised their proposed pleading, they have not cured those deficiencies.

While the Proposed Second Amended Complaint expands the factual narrative and repeatedly characterizes Defendants as acting jointly, it continues to rely upon generalized allegations, legal conclusions, and collective pleading rather than well-pleaded facts directed to Gateway. More importantly, the proposed pleading still fails to allege operative facts establishing a plausible causal connection between Plaintiffs' alleged disabilities, the requested accommodation, and Gateway's alleged conduct. Likewise, Plaintiffs have not remedied the independent deficiencies identified in Gateway's Motion to Dismiss with respect to their Fair Credit Reporting Act claim. Although the Proposed Second Amended Complaint changes the presentation of Plaintiffs' claims, it does not materially alter the Rule 12(b)(6) analysis previously presented to the Court.

Indeed, much of the additional material consists of legal argument, Plaintiffs' responses to the pending motions to dismiss, and expanded characterizations of Defendants' alleged conduct rather than new operative facts curing the pleading deficiencies previously identified by Defendants. Rule 15 permits amendment to cure legally deficient pleadings; it does not require the Court to permit amendment where the proposed pleading remains subject to dismissal.

Because the Proposed Second Amended Complaint does not cure the deficiencies identified in Gateway's Motion to Dismiss, it would remain subject to dismissal under Rule

12(b)(6). Permitting amendment would therefore merely substitute one legally deficient pleading for another. Plaintiffs' Motion for Leave should be denied.

## V.    CONCLUSION

For the foregoing reasons, Defendant Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint because the Proposed Second Amended Complaint would remain subject to dismissal under Rule 12(b)(6).

Respectfully Submitted,

Dated: June 30, 2026                                        **GORDON REES SCULLY MANSUKHANI**
Charleston, South Carolina

 */s/ Peter G. Siachos*
Peter G. Siachos (Fed. ID 7591)
Email: psiachos@grsm.com
Henry Lucius Laffitte (12647)
Email: llaffitte@grsm.com
Auguste B. Fout (Fed. ID 14364)
Email: afout@grsm.com
677 King Street, Suite 450
Charleston, SC 29403
Telephone: (843) 278-5900

*Attorneys for Defendant Gateway Communities
of Myrtle Beach, LLC d/b/a The Willows at
Grande Dunes*