# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

       Plaintiffs,

  vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
    *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

       Defendants.

C/A: 4:25-cv-12579-JD-TER

**PLAINTIFFS' REPLY TO DEFENDANT GATEWAY COMMUNITIES OF MYRTLE BEACH, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COME Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding *pro se*, and respectfully submit this Reply to Defendant Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes' Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint.

## I. Introduction

Gateway's opposition rests on a narrow and conclusory futility argument. Gateway acknowledges that Plaintiffs' proposed Second Amended Complaint substantially expands the factual record, but then asks the Court to dismiss those added facts as "legal argument," "narrative," and "collective pleading." That argument fails.

Plaintiffs amended precisely to provide the additional context, transaction-specific details, communications, timelines, agency allegations, and defendant-by-defendant factual structure that Defendants previously claimed were missing. Gateway cannot first complain that Plaintiffs did not plead enough detail, then oppose amendment because Plaintiffs added too much detail.

The issue under Rule 15(a)(2) is not whether Gateway agrees with Plaintiffs' allegations. The issue is whether the proposed amendment is clearly futile. It is not. The proposed Second Amended Complaint gives Gateway fair notice of the claims against it, the property involved, the management structure involved, the screening process involved, the reasonable-accommodation request involved, the denial involved, and the injury involved. Gateway's disagreement with those allegations belongs in discovery, summary judgment, or trial—not in a futility objection.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Fourth Circuit has repeatedly recognized that leave should generally be denied only for prejudice, bad faith, or futility. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Gateway relies only on futility. But futility is not established by repeating the same Rule 12 arguments in conclusory form. At the Rule 15 stage, the Court must determine whether the proposed pleading is clearly insufficient under Rule 12(b)(6), accepting well-pleaded factual allegations as true and drawing reasonable inferences in Plaintiffs' favor.

Gateway's response does not meet that burden. It does not identify a clean legal bar to amendment. Instead, it repeats merits arguments and asks the Court to reject Plaintiffs' factual inferences before discovery.

### III. Gateway's "More Facts But Still Futile" Argument Misstates the Rule 15 Inquiry.

Gateway argues that Plaintiffs added approximately thirty pages of material but still did not cure the defects identified in Gateway's motion to dismiss. Gateway characterizes the new allegations as "legal argument," "narrative," and expanded characterization rather than operative facts. ECF No. 137 at 3-4.

That is not enough to defeat amendment. A defendant cannot convert detailed factual allegations into "legal argument" simply by labeling them that way. The proposed Second Amended Complaint alleges the specific housing transaction, the application date, the property, the management chain, the screening denial, the reasonable-accommodation request, the failure to conduct individualized review, the refund and closure of the file, and the resulting damages.

Gateway's opposition remains almost entirely generalized. It does not seriously confront the amended factual structure. It says Plaintiffs still rely on "collective pleading," but it does not explain why Gateway—as the owner/operator doing business as The Willows at Grande Dunes—

cannot be held responsible for the conduct of the management company and leasing agents operating that property during the application process.

That is not a basis to deny leave to amend.

## IV. Gateway's "Collective Pleading" Argument Ignores Agency and Vicarious Liability.

Gateway argues that Plaintiffs failed to plead specific facts directed to Gateway and instead relied on generalized allegations against all Defendants. ECF No. 137 at 3-4. That argument ignores the agency theory pleaded in the proposed Second Amended Complaint.

Plaintiffs allege that Gateway owned and/or operated the property doing business as The Willows at Grande Dunes, and that RPM Living and the on-site leasing personnel acted as the management apparatus for that property during Plaintiffs' application, denial, reasonable-accommodation request, and withdrawal. Those allegations are not improper "collective pleading." They are agency and vicarious-liability allegations.

Gateway cannot avoid liability at the pleading stage by pointing to the fact that RPM or on-site agents performed the day-to-day acts. Property owners and housing providers may be liable for discriminatory housing practices carried out through their agents, managers, and employees when those acts occur within the scope of the housing transaction. Plaintiffs allege exactly that: Gateway's property, acting through its management chain, used the screening result, denied the application, failed to engage in a meaningful accommodation process, and closed/refunded the transaction.

Plaintiffs are not required to artificially separate conduct that allegedly occurred through an integrated owner-manager-leasing-agent structure. The proposed pleading gives Gateway fair notice of the theory: Gateway is liable not because it personally typed every email, but because the challenged conduct occurred through the property's management and leasing apparatus in connection with Gateway's housing operation.

At the Rule 15 stage, that is sufficient.

## V. The Proposed SAC Plausibly Pleads FHA Liability Against Gateway.

Gateway argues that Plaintiffs still fail to plead a qualifying disability, necessity, causation, and a sufficient nexus between the requested accommodation and Gateway's alleged conduct. ECF No. 137 at 4.  Those arguments ask the Court to decide factual disputes prematurely.

Plaintiffs allege that Martorelli had a qualifying mental-health impairment that substantially limited major life activities, that the reported background incident was connected to a protected medical episode, and that Plaintiffs submitted a written reasonable-accommodation request to the property management team. Plaintiffs further allege that the property did not conduct a meaningful individualized review, but instead deferred to the same screening process that had produced the disqualifying result.

The requested accommodation was not a demand for preferential treatment. It was a request for individualized review of a disability-related barrier where the screening result was allegedly inaccurate, misclassified, minor, municipal in nature, and connected to a protected medical event.

That request directly related to the barrier preventing equal housing opportunity: the automated denial of housing.

Gateway's argument that Plaintiffs have not alleged causation also fails. Plaintiffs allege a direct sequence: Gateway's property accepted the application, the screening system generated a disqualifying result, the property relied on that result, Plaintiffs requested accommodation, the property failed to meaningfully process that request, the file was closed/refunded, and Plaintiffs lost the housing opportunity. That is a plausible causal chain.

Gateway may dispute whether the accommodation was legally required, whether its agents responded reasonably, or whether Plaintiffs can ultimately prove disability and necessity. But those disputes do not make the proposed amendment futile. They confirm why discovery is necessary.

## VI. Gateway's FCRA Arguments Do Not Establish Futility.

Gateway also asserts that Plaintiffs have not remedied the deficiencies in their FCRA claim. ECF No. 137 at 4. But Gateway's response does not meaningfully analyze the amended FCRA allegations. It simply states that deficiencies remain.

Plaintiffs' proposed pleading alleges that the housing application involved consumer reports and screening information used to make an adverse housing decision. Plaintiffs further allege that the property and its agents used that report, closed the file, refunded the transaction, and failed to provide required notices and disclosures connected to the adverse action. Those allegations are

sufficient at the amendment stage to allow the FCRA claim to proceed against the housing defendants as users of consumer report information.

Gateway's position again depends on merits-level disagreement, not facial futility. Discovery will determine who accessed what report, who made the adverse decision, what notices were provided, what entity controlled the leasing file, and whether Gateway, RPM, and the on-site personnel acted within an agency relationship. Plaintiffs should not be denied leave before those facts are tested.

## VII. Gateway Has Not Shown Prejudice, Bad Faith, or Futility.

Gateway does not establish prejudice. Discovery remains active. Gateway has notice of the claims. The amendment deadline was active when Plaintiffs moved. The proposed Second Amended Complaint narrows some claims while adding factual detail to address Defendants' stated objections.

Gateway also does not establish bad faith. Plaintiffs moved to amend after Defendants attacked the pleadings, and the amendment directly responds to those attacks. That is ordinary Rule 15 practice.

Finally, Gateway does not establish futility. Its opposition is conclusory and does not identify any legal bar that makes amendment impossible. Gateway simply re-labels Plaintiffs' detailed allegations as "collective pleading" and "legal argument," but labels do not defeat well-pleaded facts. The proposed Second Amended Complaint pleads a direct housing transaction, an owner/manager agency structure, a screening-based denial, a written accommodation request, failure to

conduct meaningful individualized review, and resulting injury. That is more than enough to defeat Gateway's futility objection.

## VIII. Conclusion

Gateway's opposition depends on prematurely resolving disputed agency, causation, accommodation, and notice issues in Gateway's favor. Rule 15 does not allow that. The proposed Second Amended Complaint supplies detailed facts tying Gateway's property, management apparatus, leasing process, screening denial, accommodation failure, and resulting injury into one coherent liability chain.

For these reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to File Second Amended Complaint and reject Gateway's futility objection in full.

Respectfully submitted,

Dated: July 2, 2026

**Preston Wallace Turbeville**

Plaintiff, *Pro Se*

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

**Marissa Martorelli**

Plaintiff, *Pro Se*

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

**CERTIFICATE OF SERVICE**

I hereby certify that upon filing with the Clerk of Court, the within document will be uploaded to

the Court's CM/ECF system, which will provide notice to all counsel of record.

Dated: July _____ 2026


Preston Wallace Turbeville

Plaintiff, *Pro Se*


Marissa Martorelli

Plaintiff, *Pro Se*