IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PRESTON WALLACE TURBEVILLE and MARISSA MARTORELLI,<br><br>Plaintiffs,<br><br>v.<br><br>RPM LIVING, LLC; GATEWAY COMMUNITIES OF MYRTLE BEACH, LLC d/b/a THE WILLOWS AT GRANDE DUNES; FIRST ADVANTAGE BACKGROUND SERVICES CORP.; JENNY SUGGS (individually and in her official capacity); JENNIFER BATTENFELD (individually and in her official capacity); and ANDREW O.H. GARDNER (Broker-in-Charge for RPM Living,<br><br>Defendants. | C/A No. 4:25-cv-12579-JD-TER<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN EXCESS PAGE BRIEF** |

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. submits this Response in Opposition to Plaintiffs' Motion for Leave to File an Excess Page Brief (ECF No. 131).

1.      Local Civil Rule 7.05(B)(1) limits memoranda filed in support of motions to "[t]hirty-five (35) double-spaced pages" unless the Court grants an exception.

2.      Plaintiffs seek leave to file a 79-page memorandum in support of a document they refer to as a "Master Omnibus Motion to Compel Comprehensive Discovery Responses, to Determine the Sufficiency of Admissions, and for Sanctions Against First Advantage Background Services Corp."  (ECF No. 131-1.)

3. Plaintiffs' proposed memorandum contains several features indicating that it was prepared, at least partially, by generative artificial intelligence.

4. First, Plaintiffs' proposed memorandum misquotes and mischaracterizes several of First Advantage's objections and responses to Plaintiffs' written discovery requests. For example, Plaintiffs claim that First Advantage's "[l]iteral [a]nswer" to Interrogatory No. 20 was to object "on the grounds that it is vague, ambiguous, and not relevant to any claim or defense." (ECF No. 131-1.) First Advantage's actual answer to Interrogatory No. 20, which Plaintiffs attached as an exhibit to their motion, is entirely different. (*See* ECF No. 131-3.) In fact, the language that Plaintiffs claim constitutes First Advantage's "[l]iteral [a]nswer" to Interrogatory No. 20 is not used in *any* of First Advantage's objections or responses. Plaintiffs' proposed memorandum is full of other similar misquotes. (*See* ECF No. 131-1 at 10, 36 (misquoting First Advantage's objections and answers to Interrogatory Nos. 3 and 19); ECF No. 131-1 at 39 (misquoting First Advantage's objections and responses to Request No. 4 of Plaintiffs' First Requests for Production of Documents).) These "fabricated quotes" are "classic indicia of AI use." *Complot v. Credit Control, LLC*, No. CV-25-00255-PHX-SMB, 2026 WL 1792785, at *3 (D. Ariz. June 23, 2026).

5. Second, several portions of Plaintiffs' memorandum appear to be directed *to* Plaintiffs instead of written *by* Plaintiffs. (*See* ECF No. 131-1 at 16-17 (arguing that First Advantage is "attempting to . . . prevent *you* from discovering whether they quietly fixed *your* file"), 20 (stating that First Advantage's objections are improper "because *your* claim is not explicitly based on a 'failure to train'") (emphasis added).) Plaintiffs attempted to blot out references to "you" and "your" in several portions of the memorandum and insert "we" or "the" as shown in the excerpt below:

> **2. The "No Section 1681i Claim" Strawman:** First Advantage repeats its
> calculated excuse that because ~~███~~ *IVC* did not bring a standalone dispute
> claim, their training modules on "dispute handling" are completely off-limits
> . This ignores the integrated timeline of your case. First Advantage's
> handling of the immediate dispute—where they quietly executed a 30-day
> panic deletion loop and re-issued an "Approved" profile —is directly tied to
> ~~███~~ *the* accuracy claim because it serves as the primary physical proof that
> the initial report was dangerously inaccurate and compiled without real-
> time validation checks .

(*See* ECF No. 131-1 at 21.)

6.      This Court's page limit for memoranda is more than reasonable. *See Hutto v. City of Rock Hill*, No. 0:23-CV-0970-CMC, 2025 WL 1189761, at *5 (D.S.C. Mar. 4, 2025) (explaining that page limits "promote judicial economy and encourage parties to hone their arguments and tighten their prose"), *aff'd*, No. 25-1431, 2026 WL 1134232 (4th Cir. Apr. 27, 2026).  Moreover, factual summaries in memoranda must be "concise," and "brevity is expected" of legal arguments. Local Civ. Rule 7.05(A) (D.S.C.)  Plaintiffs cannot avoid those requirements by filing a 79-page memorandum that appears to consist of AI-generated responses to their inquiries regarding First Advantage's objections and responses to Plaintiffs' written discovery requests.  Neither the Court nor First Advantage should "be expected to wade through pages and pages of extraneous material to ascertain [Plaintiffs'] relevant arguments." *Encarnacion v. Fin. Corp. of Am.*, No. 2:17-CV-566-FTM-38CM, 2018 WL 3860124, at *4 (M.D. Fla. June 8, 2018).

7.      In short, Plaintiffs have not demonstrated good cause to exceed this Court's page limitation.  Accordingly, First Advantage respectfully requests that this Court deny Plaintiffs' motion.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.


By:*s/Adam N. Yount*

    Adam N. Yount
    Fed. ID No. 10313
    ayount@hsblawfirm.com
    E. Elliot Condon
    Fed. ID No. 13102
    econdon@hsblawfirm.com
    Carlisle B. Allen
    Fed. ID No. 14288
    callen@hsblawfirm.com
    HAYNSWORTH SINKLER BOYD, P.A.
    134 Meeting Street, Third Floor (29401)
    P.O. Box 340
    Charleston, SC 29402-0340
    Telephone: (843) 722-3366

    Frederick T. Smith
    Georgia Bar No. 657575*
    fsmith@seyfarth.com
    Esther Slater McDonald
    Georgia Bar No. 649005*
    emcdonald@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone: (404) 885-1500

    *Admitted pro hac vice*

Attorneys for Defendant First Advantage
Background Services Corp.

Date: July 6, 2026

4