**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Preston Wallace Turbeville and Marissa Martorelli, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: 4:25-cv-12579-JD-TER |
| | ) | |
| V. | ) | |
| | ) | |
| RPM Living, LLC, Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes, First Advantage Background Services Corp, Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), Andrew O.H. Gardner (Broker-in-Charge for RPM Living), | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE EXCESS-PAGE BRIEFS IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTIONS TO COMPEL REGARDING DEFENDANTS RPM LIVING, LLC, JENNY SUGGS, JENNIFER BATTENFELD, ANDREW O.H. GARDNER**

Defendants RPM Living, LLC ("RPM"), Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), and Andrew O.H. Gardner (Broker-in-Charge for RPM Living) (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure, Local Civ. Rule 7.06, and other applicable law, respectfully submit this Response in Opposition to Plaintiffs' Motions for Leave to File Excess-Page Briefs in Support of Plaintiffs' Omnibus Motions to Compel Regarding Defendants RPM Living, LLC, Jenny Suggs, Jennifer Battenfeld, and Andrew O.H. Gardner (ECF Nos. 132-135).[1]

---

[1] Defendants' Response in Opposition is being filed on July 7, 2026, in response to the Order entered by Chief United States District Judge Timothy M. Cain on June 22, 2026, which stated

## I.    Relevant Procedural Background

On May 5, 2026, the Court issued a text order (ECF No. 82) granting Defendants' Motions for Protective Order (ECF Nos. 57, 62), construing them as requests for extension of time to respond to Plaintiffs' discovery requests. Accordingly, the Court stated that Defendants' responses to Plaintiffs' discovery requests would be due within 30 days of the date of the text order, or June 4, 2026. ECF No. 82. On the evening of June 4, 2026, counsel for Defendants served Plaintiffs and all counsel of record with copies of the discovery responses on behalf of Defendants. In response to Defendants' timely service of its discovery responses, Plaintiffs emailed undersigned counsel to require that Defendants supplement their responses to Plaintiffs' Interrogatories with executed verification pages signed under penalty of perjury by June 19, 2026. *See* Deficiency Notice Email from Preston Turbeville, hereinafter referred to and attached as **Exhibit B**. Plaintiffs also asked Defendants to try to locate additional "native mobile text threads or secondary internal logs from May and June 2025 that may have been omitted due to individual shifts in employment or management transitions." *Id.* To conclude this email, Plaintiffs stated the following: "If the RPM Defendants can provide the missing verification pages and any additional text files (if any are

---

that this Court shall be closed on Monday, July 6, 2026, in further recognition of the United States Semiquincentennial. Pursuant to the Order, July 6, 2026, would be treated by this Court "the same as a legal holiday for the purpose of computing any period of time prescribed by the Federal Rules of Civil and Criminal Procedure, the Local Rules, or any applicable statute." Order from Chief Judge Cain, attached as **Exhibit A.** Consequently, Defendants have timely filed this Response in Opposition on July 7, 2026, the first day following the day treated by this Court as a legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that time periods continue to run until the end of the next day that is not a legal holiday when computing any time period stated in days or a longer unit of time).

found) by June 19, 2026, the Plaintiffs will consider all discovery tracks for this D.S.C. subset of the defense fully resolved in good faith." *Id.*

On the evening of June 18, 2026, counsel for Defendants served the requested verification pages, executed by all Defendants pursuant to 28 U.S.C. § 1746, via email and U.S. Mail to Plaintiffs and all counsel of record.[2] *See* Email Serving Verifications of Interrogatory Responses, hereinafter referred to and attached as **Exhibit C**. Nevertheless, on June 22, 2026, Plaintiffs filed motions for leave with the Court to file excess-page memoranda in support of proposed "Master Omnibus Motion[s] to Compel Comprehensive Discovery Responses, to Determine the Sufficiency of Admissions, and for Sanctions" against all Defendants, attaching copies of Defendants' discovery responses as exhibits to each motion for leave. ECF Nos. 132-135. Plaintiffs seek leave to file a 64-page memorandum against Defendant RPM Living, LLC (ECF No. 132-1), a 77-page memorandum against Defendant Suggs (ECF No. 134-1), a 56-page memorandum against Defendant Battenfeld (ECF No. 135-1), and a 68-page memorandum against Defendant Gardner (ECF No. 133-1), totaling 265 pages.

## II.    Legal Standard

Under the Local Rules for the United States District Court for the District of South Carolina, an initial memorandum in support of a motion made by any party is prohibited from exceeding thirty-five (35) double-spaced pages, unless an exception is granted by the Court. Local

---

[2] Although Defendants were unable to locate any additional native mobile text threads or secondary internal logs in response to Plaintiffs' inquiry, Defendants RPM Living, LLC, Suggs, and Battenfeld supplemented their responses to Plaintiffs' First Requests for Production of Documents on July 6, 2026, after identifying additional responsive documents to produce to Plaintiffs. Based on information learned from those documents and upon discovery of language in certain responses requiring clarification, Defendants RPM Living, LLC, Suggs, and Battenfeld also supplemented and amended their responses to Plaintiffs' First Requests for Admission on July 6, 2026, and Defendants Suggs and Battenfeld supplemented and amended their responses to Plaintiffs' First Set of Interrogatories.

Civ. Rule 7.05(B)(1) (D.S.C.). Concerning the content of memoranda, "brevity is expected" of legal arguments, and factual summaries must be "concise." *Id.* at 7.05(A)(2)-(3).

### III.     Argument

#### a. Plaintiffs' Motions for Leave to File Excess Pages should not be granted when Defendants were not notified of the deficiencies comprising the majority of the excess pages.

In the motions for leave directed to each Defendant, Plaintiffs allege that Defendants' discovery responses contain deficiencies such as highly technical, over-layered boilerplate objections, semantic parsing shortcuts, and evasive answers and text responses. *See* ECF Nos. 132-135. Plaintiffs also allege in their proposed memoranda that they "acted in absolute good faith throughout this process" by "extending a voluntary 15-day courtesy cure window to resolve these structural deficiencies out of court." *Id.* However, Plaintiffs contend in all proposed memoranda that Defendants let this cure window elapse without resolving any of the identified deficiencies. *See id.*

Indeed, in their Explanatory Declaration and Statement of Context in Support of Motions for Excess Pages, Plaintiffs state that Defendants "rejected" the "voluntary 15-day Discovery Deficiency Notice to defense counsel to cure [the alleged discovery] defaults out of court." ECF No. 130. Instead, Plaintiffs contend that Defendants "have chosen a defensive posture of non-cooperation and will not reasonably work with unrepresented parties." *Id.* Ultimately, Plaintiffs contend that Defendants' alleged non-cooperation requires motions to compel against each Defendant, supported by memoranda more than twenty pages longer than the Local Rules permit for initial briefs and over two-hundred and fifty pages in combined length.

Although Plaintiffs contend that they acted in good faith by extending a 15-day window for Defendants to cure the deficiencies to which Plaintiffs allude in their proposed memoranda,

4

Defendants were not put on notice of the majority of deficiencies identified by Plaintiffs. Instead, Defendants were only notified of Plaintiffs' demand for executed party verifications to all Interrogatory responses and request for additional inquiry related to "native mobile text threads or secondary internal logs." *See* **Exhibit B**. Defendants did not receive any other direct communications from Plaintiffs concerning additional discovery deficiencies. Instead, Defendants received an email from Preston Turbeville acknowledging receipt of service for Defendants' executed verifications on June 18, 2026, one day before the conclusion of Plaintiffs' 15-day cure window. *See* Email from Preston Turbeville Confirming Receipt of Executed Verifications, hereinafter referred to and attached as **Exhibit D**. Despite Plaintiffs' contentions to the contrary, Defendants have not rejected the opportunity to cure the alleged discovery defaults forming the basis of Plaintiffs' proposed memoranda. Rather, Defendants took efforts to cure the discovery deficiencies explicitly identified by Plaintiffs in their deficiency notice. *See* **Exhibits B-C.** In so doing, Defendants operated in good-faith compliance with the language in Plaintiffs' deficiency notice stating that Plaintiffs would consider "all discovery tracks for this D.S.C. subset of the defense fully resolved in good faith." *See* **Exhibit B**.

In two of their proposed memoranda, Plaintiffs also contend that they "detail-mapp[ed] the omissions for all defense firms of record" through filing a "master Discovery Deficiency Matrix" that was purportedly intended to "provide comprehensive notice and an explicit opportunity to cure out of court." ECF Nos. 134-1, 135-1. However, the filing of this document still fails to place Defendants on proper notice of all discovery deficiencies identified in Plaintiffs' proposed memoranda. This document only identifies sixteen alleged deficiencies, and only ten of the alleged deficiencies pertain to Defendants. *See* ECF No. 106-1 (Items 1, 6-9, 11-15). Of these ten alleged deficiencies, five of the alleged deficiencies are generalized statements applicable to both

Defendants and First Advantage Background Services Corp., without identifying how the alleged deficiencies could be cured. *See id.* (Items 1, 6-9). And of these five generalized statements, two statements concerned a lack of executed party verifications, which Defendants cured in compliance with Plaintiffs' deficiency notice on June 18, 2026. *See id.* (Items 1, 6); **Exhibits C-D.** Consequently, only five references from this discovery matrix are specifically applicable to Defendants, and these references merely cite Plaintiffs' general issues with Defendants' responses without explaining how Defendants should clarify or otherwise resolve these issues through supplementation or amendment. *See* ECF No. 106-1 (Items 11-15).

Plaintiffs' email deficiency notice and discovery deficiency filing cannot reasonably be construed as providing notice of all of the alleged deficiencies raised in Plaintiffs' proposed memoranda. Defendants were aware of—and timely addressed—Plaintiffs' demand for executed party verifications, producing those verifications before Plaintiffs' stated deadline. *See* **Exhibits B-C**. Beyond that issue, however, Plaintiffs did not notify Defendants of the many additional deficiencies discussed in their proposed motions through similar informal communication. Moreover, in their discovery deficiency filing, Plaintiffs did not explain how the responses identified in this filing were allegedly deficient. Had Plaintiffs informed Defendants of the deficiencies alleged in their proposed motions, Defendants would have attempted to resolve them without court intervention, just as they did with the verification issue. Instead, Plaintiffs bypassed the meet-and-confer process that they initiated with Defendants and now seek sanctions based on a host of purported discovery deficiencies that were not disclosed to Defendants beforehand. Accordingly, Plaintiffs should not be granted leave to file overlength memoranda in support of motions to compel where the majority of the issues raised concern alleged discovery deficiencies that Defendants were not afforded an opportunity to address before motions practice. For these

reasons, Plaintiffs' motions for leave to file excess-page briefs against Defendants should be denied.

> **b. Plaintiffs should not be granted leave to file overlength briefs when multiple deficiencies identified in Plaintiffs' filings mischaracterize their own discovery requests or Defendants' responses.**

Throughout each of their proposed memoranda, Plaintiffs include material related to the following topics: (1) "The Request Text" representing the discovery request at issue; (2) "The Sworn Answer" or "The Literal Answer" representing the discovery response at issue; (3) "The Legal Deficiency" representing Plaintiffs' issues with the discovery response; and (4) "The Legal Enforcement" representing the action Plaintiffs want this Court to take. *See* ECF Nos. 132-1 – 135-1. Additionally, Plaintiffs attached the complete copies of Defendants' discovery responses as exhibits alongside their proposed memoranda. For many of the alleged deficiencies that they mention, Plaintiffs purport to cite verbatim the language of both their own discovery request and the allegedly deficient discovery response before explaining their rationale behind the deficiency. However, a closer examination of this language, in conjunction with the text of Defendants' actual discovery responses, reveals multiple instances in which Plaintiffs mischaracterize the language of Defendants' discovery responses or even their own discovery requests.[3]

For example, in their proposed memorandum against Defendant RPM Living, Plaintiffs represent that the language employed by Defendant RPM Living in its responses to Interrogatories Nos. 1 and 2 is as follows:

> Interrogatory No. 1: The Literal Answer: Subject to and without waiving its objections… Defendant states that Jenny Suggs, Community Manager, Jennifer Battenfeld, Leasing Consultant, and Paige Norris, Regional Manager, are individuals who participated in or had knowledge of the application….

---

[3] Based on the examples of mischaracterized language within Plaintiffs' proposed memoranda, it is believed by Defendants that Plaintiffs may have utilized the assistance, at least partially, of generative artificial intelligence to prepare the memoranda.

Interrogatory No. 2: The Literal Answer: Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine…Subject to and without waiving…Defendant states that its written guidelines, policies, and procedures regarding reasonable accommodations are illustrated in documents bearing bates numbers DEF_RPM 00001 – DEF_RPM 00033 and DEF_RPM 00038 – DEF_RPM 00039, which are produced herewith subject to the Confidentiality Order.

ECF No. 132-1. Contrary to Plaintiffs' representations, Defendant RPM Living answered both interrogatories without asserting any objections, as demonstrated by the following language:



ECF No. 132-2.[4]

---

[4] Plaintiffs also contend that Defendants' discovery responses are deficient because all Defendants failed to provide privilege logs substantiating objections on the basis of the attorney-client privilege. ECF Nos. 132-1 – 135-1. To the extent Plaintiffs maintain this contention against all Defendants, that issue has been resolved, as Plaintiffs were served privilege logs on behalf of all Defendants concerning documents withheld on the basis of the attorney-client privilege along with the supplemental and amended discovery responses served on behalf of Defendants RPM Living, LLC, Suggs, and Battenfeld. Moreover, Plaintiffs overstate the scope of this alleged deficiency as to Defendants RPM Living, LLC and Suggs, who did not assert

Similar issues with mischaracterization of language persist in Plaintiffs' proposed memoranda against other Defendants. For example, in their proposed memorandum against Defendant Andrew Gardner, Plaintiff makes the following representation concerning Interrogatory No. 1 to Defendant Gardner:

> Interrogatory No. 1: The Request Text: Identify every commercial entity or property management firm for which you concurrently hold, maintain, or register Broker-in-Charge credentials within the State of South Carolina or any other jurisdiction. The Sworn Answer: Counsel objects to this interrogatory as overly broad and not proportional to the needs of this case, claiming that his corporate relationships outside of the specific properties named in this action are irrelevant to the claims or defenses of the parties.

ECF No. 133-1. Contrary to Plaintiffs' representation, "The Request Text" and "Sworn Answer" concerning Interrogatory No. 1 to Defendant Gardner actually state the following:

### INTERROGATORIES

1.    State your full name, business address, and all professional titles or licenses currently held in the State of South Carolina.

**RESPONSE: Defendant Gardner responds as follows:**

---

- **Full Name: Andrew Gardner**

- **Business Address: 1230 Peachtree Street NE, Ste. 1700, Atlanta, GA 30309.**

- **Professional Title: Broker**

---

attorney-client or work product objections in their original discovery responses. *See* ECF Nos. 132-2 – 132-4; 134-2 – 134-4. To the extent privilege logs were later served on behalf of those Defendants, they accompanied supplemental responses reflecting subsequently identified responsive materials withheld on attorney-client privilege grounds.

ECF No. 133-2. From the language used in Plaintiffs' proposed memorandum, it appears they are attempting to reference the language concerning Interrogatory 2. Even so, contrary to Plaintiffs' assertion that he provided a complete objection, Defendant Gardner provided an answer and a limited objection to the information requested in Interrogatory 2. Additionally, the actual language of Interrogatory 2 does not correspond to the language represented in Plaintiffs' proposed memorandum:

> 2.     Identify each company for which you serve or have served as Broker-in-Charge from January 2023 to present, including RPM Living, LLC.
>
> **RESPONSE: Defendant Gardner has served as Broker for Defendant RPM Living since approximately December 2021. However, to the extent this interrogatory seeks disclosure of information without any limitation to the time period relevant to the events underlying Plaintiffs' allegations in the Amended Complaint, Defendant Gardner objects to this request as overly broad and not proportional to the needs of this case.**

*Id.*

In their proposed memorandum concerning Defendant Jennifer Battenfeld, Plaintiffs make the following representation:

> Request for Production No. 7: The Request Text: Any record, screenshots, or communications recorded between May 1, 2025, and June 30, 2025, where Jenny Suggs identified herself publicly or internally as "Property Manager" or "Community Manager" of The Willows at Grande Dunes. *The Legal Deficiency: To ensure absolute compliance with FRCP 26(b)(1), Plaintiffs carefully tailored this request to a narrow, two-month window (May 1, 2025 – June 30, 2025) directly surrounding their housing application transaction. . . .*

ECF No. 135-1 (emphasis added). Contrary to their representation, Plaintiffs made no such tailoring of their request, instead requesting information from Defendant Battenfeld without any limitation in time:

> 7.     Any records, screenshots, or communications where Jenny Suggs identified herself publicly or internally as "Property Manager" of The Willows at Grande Dunes.

10

ECF No. 135-4.

These examples are not exhaustive, and Defendants reserve the right to bring additional mischaracterizations to the Court's attention if necessary. However, even these few examples reveal a significant disconnect between language used in Plaintiffs' proposed memoranda to justify their alleged deficiencies and language of the discovery responses themselves. This disconnect undermines the credibility of Plaintiffs' arguments, particularly because Plaintiffs attached the actual discovery responses as exhibits, allowing the Court to compare Plaintiffs' characterizations with the responses' plain language. Accordingly, Plaintiffs should not be granted the opportunity to file overlength memoranda that assert alleged deficiencies based on language that Plaintiffs did not include in their original requests and language that Defendants did not include in their original responses. Thus, for these reasons, Plaintiffs' motions for leave to file excess-page briefs should be denied.

## IV.    Conclusion

For the reasons stated above, Plaintiffs have not demonstrated good cause to exceed the page limitation set by this Court by at least twenty (20) pages for each proposed memorandum. Defendants respectfully request that the Court deny Plaintiffs' Motions for Leave to File Excess-Page Briefs in support of their proposed Omnibus Motions to Compel Comprehensive Discovery Responses, to Determine the Sufficiency of Admissions, and for Sanctions against all Defendants. Defendants also request the opportunity to resolve out of court any remaining discovery disputes after the Court's ruling to the extent that such disputes are not already resolved by the supplemental and amended discovery responses, privilege logs, and document productions served on Plaintiffs and all counsel of record on July 6, 2026.

Respectfully submitted this the 7th day of July, 2026.

By: *s/ G. Bryce Goodwyn*
D. Randle Moody, II (Fed. I.D. No. 7169)
Randy.moody@jacksonlewis.com
G. Bryce Goodwyn (Fed. I.D. No. 14633)
Bryce.goodwyn@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANTS RPM LIVING, LLC, JENNY SUGGS, JENNIFER BATTENFELD, AND ANDREW O.H. GARDNER*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Preston Wallace Turbeville and Marissa Martorelli, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 4:25-cv-12579-JD-TER |
| V. | ) ) | |
| RPM Living, LLC, Gateway Communities of Myrtle Beach, LLC d/b/a The Willows at Grande Dunes, First Advantage Background Services Corp, Jenny Suggs (individually and in her official capacity), Jennifer Battenfeld (individually and in her official capacity), Andrew O.H. Gardner (Broker-in-Charge for RPM Living), | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, a true and accurate copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE EXCESS-PAGE BRIEFS IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTIONS TO COMPEL REGARDING DEFENDANTS RPM LIVING, LLC, JENNY SUGGS, JENNIFER BATTENFELD, AND ANDREW O.H. GARDNER** was served on *pro se* Plaintiffs via email and U.S. Mail as follows:

Preston Wallace Turbeville
Marissa Martorelli
173 Gadwall Way, Unit 3400
Murrells Inlet, SC  29576
pwallace92@yahoo.com
marissamartorelli@icloud.com

[SIGNATURE BLOCK ON NEXT PAGE]

13

s/ *G. Bryce Goodwyn*
Randle Moody, II (Fed I.D. No. 7169)
Randy.moody@jacksonlewis.com
G. Bryce Goodwyn (Fed. I.D. No. 14633)
Bryce.goodwyn@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone: 864-232-7000
Fax: 864-235-1381

*ATTORNEYS FOR DEFENDANTS RPM LIVING, LLC, JENNIFER BATTENFELD, JENNY SUGGS, AND O.H. GARDNER*

14