# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

       Plaintiffs,

  vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
  *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

      Defendants.

C/A: 4:25-cv-12579-JD-TER

JUL 9 '26 AM10:30
RCV'D - USDC FLO SC

**PLAINTIFFS' NOTICE OF RATIFICATION OF FILINGS, CERTIFICATE OF REVIEW, AND WORK-PRODUCT RESERVATION**

Plaintiffs Preston Wallace Turbeville and Marissa Martorelli respectfully submit this Notice to clarify that Plaintiffs personally prepare, author, review, edit, approve, sign, and stand behind the filings submitted in this action. Plaintiffs understand their filings and accept responsibility for the factual and legal positions presented therein.

Plaintiffs further note that, to Plaintiffs' knowledge, Defendants have not identified comparable factual inaccuracies, misquotations, or record-based defects in Plaintiffs' prior filings in this case. The only issues recently raised concern a few limited clarification points within the unusually extensive discovery-motion filings, which span multiple defendants, multiple discovery tracks, hundreds of pages of discovery responses, and a large volume of request-and-answer material. Plaintiffs promptly corrected or clarified those limited issues. Plaintiffs respectfully submit that this context matters. The discovery motions required an extraordinary amount of review, organization, quotation, comparison, and formatting because of Defendants' evasive, incomplete, and difficult-to-track discovery responses. In that setting, a few limited and promptly corrected issues are understandable and do not show bad faith, fabrication, or unreliability across Plaintiffs' filings.

Regardless of what ordinary research, drafting, proofreading, organizational, formatting, or document-management tools may or may not have been used during preparation, Plaintiffs are personally responsible for writing, drafting, editing, organizing, reviewing, approving, signing, and filing their submissions. Plaintiffs did not blindly submit filings prepared by someone or something else. Plaintiffs were the only persons involved in the preparation of their filings, understood the arguments being made, reviewed the factual and legal positions presented, and accepted responsibility for them. Plaintiffs respectfully submit that the proper inquiry is whether the filings are grounded in fact, supported by the record, signed by the parties, made in good faith, and presented for a proper purpose.

Plaintiffs do not concede Defendants' characterizations, insinuations, or assumptions regarding Plaintiffs' internal drafting process or use of modern tools. Plaintiffs expressly reserve and do not waive any applicable work-product protection over their internal research methods, drafting process, notes, outlines, edits, strategy, communications between Plaintiffs, mental impressions, or litigation preparation.

Plaintiffs submit this Notice to clarify responsibility for their filings, to preserve the record, and reiterate that all filings by plaintiffs are tied to the evidentiary and factual record. Plaintiffs do not waive any privilege, work-product protection, objection, correction, clarification, or right to amend or supplement where appropriate.

Plaintiffs further submit that self-represented litigants do not lose meaningful access to the courts merely because they use ordinary lawful tools to research, organize, draft, proofread, or format their filings. The constitutional right of access to the courts and the right to petition for redress necessarily allow litigants to use ordinary lawful means to prepare and present their claims, so long as the litigants themselves make the substantive arguments, review the research, understand the filings, sign them, and accept responsibility for them. Plaintiffs did so here. Plaintiffs do not ask the Court to excuse any filing because a tool was used; Plaintiffs ask the Court to evaluate the filings under the ordinary standards of good faith, factual support, legal support, record support, and party responsibility.

Respectfully submitted,

Date: July 9th , 2026

Preston Wallace Turbeville

Plaintiff, Pro Se

Marissa Martorelli

Plaintiff, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

CERTIFICATE OF SERVICE

I certify that on this ___ day of _____ , ____, I filed the foregoing document using the Court's Electronic Case Filing ("ECF") system. The ECF system automatically serves all counsel of record who are registered ECF users.

Preston Wallace Turbeville, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

Email: pwallace92@yahoo.com