# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| Preston Wallace Turbeville<br>Marissa Martorelli,<br><br>      Plaintiffs,<br><br>  vs.<br><br>RPM Living, LLC,<br>Gateway Communities of Myrtle Beach, LLC,<br>    *d/b/a The Willows at Grande Dunes,*<br>First Advantage Background Services Corp.,<br>Jenny Suggs, *(individually and in her official capacity)*<br>Jennifer Battenfeld, *(individually and in her official capacity)*<br>Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*<br><br>      Defendants. | C/A: 4:25-cv-12579-JD-TER |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN EXCESS-PAGE BRIEF REGARDING DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.**

**(In response to ECF 140)**

Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding *pro se*, respectfully submit this Reply in support of their Motion for Leave to File an Excess-Page Brief regarding Defendant First Advantage Background Services Corp. ("First Advantage").

First Advantage's opposition does not defeat good cause for the requested excess-page filing. The opposition does not meaningfully address the underlying reason Plaintiffs requested additional pages: the proposed motion to compel presents request-by-request discovery disputes involving interrogatories, requests for admission, requests for production, electronically stored information, report lifecycle records, source records, access logs, full-file disclosure materials, requester/recipient history, privilege/logging issues, and preservation concerns.

Instead, First Advantage focuses on alleged quote formatting, isolated drafting artifacts, visible editing marks, and speculation about Plaintiffs' research or drafting tools. Those objections do not justify denying leave. Plaintiffs respectfully request that the Court grant the pending motion for leave and, in evaluating the proposed memorandum, recognize that most response sections were quoted verbatim or substantially verbatim, while a few response sections condensed the operative portions of First Advantage's answers. The full discovery responses were attached for the Court's review.

## I. The Local Rules Require Specificity, and Specificity Requires Space

First Advantage treats the length of Plaintiffs' proposed memorandum as the problem. But the length is a direct result of the required structure for a meaningful motion to compel.

A motion to compel cannot be fairly evaluated in the abstract. The Court must be able to see the actual discovery request, the actual response or objection, and the reason Plaintiffs contend the response is deficient. Plaintiffs therefore organized the proposed memorandum by discovery request and response.

The request-by-request structure is not excess for excess's sake. It is the practical method for showing:

1. what Plaintiffs asked;

2. what First Advantage answered;

3. what First Advantage objected to;

4. whether First Advantage actually produced responsive material;

5. whether First Advantage invoked Rule 33(d), privilege, burden, relevance, proportionality, or other objections properly;

6. whether First Advantage identified withheld material; and

7. why Plaintiffs seek relief.

First Advantage cannot insist that Plaintiffs comply with the specificity required for discovery motions while simultaneously objecting that Plaintiffs used the space necessary to provide that specificity. Plaintiffs did not burden the Court by following the rules. Plaintiffs followed the rules because First Advantage's discovery responses required a request-by-request presentation.

## II. The Challenged "Misquotes" Are Mostly Condensed Summaries, Not Fabrications

First Advantage labels Plaintiffs' condensed response sections as "fabricated quotes." That characterization is unfair and inaccurate.

Plaintiffs attached First Advantage's actual discovery responses as exhibits to the motion. Plaintiffs had no reason to intentionally misquote responses while simultaneously placing the complete responses behind the motion for the Court and defense counsel to review. The

attachment of the actual responses confirms that Plaintiffs were not attempting to conceal or distort the record.

In most sections, Plaintiffs reproduced First Advantage's responses verbatim or substantially verbatim. In a few sections, because the proposed memorandum was already lengthy, Plaintiffs condensed the operative portion of First Advantage's answer or objection under the heading "The Literal Answer." Plaintiffs respectfully clarify that the heading was intended to identify the operative answer being challenged, not to represent that every word of every lengthy response was reproduced in full.

With the exception of the Interrogatory No. 20 correction addressed below, the challenged sections are condensed summaries of First Advantage's position. The full text is already in the exhibits. The Court can compare any challenged section with the attached responses. That is exactly why Plaintiffs attached the responses in the first place.

First Advantage's remedy for condensed wording is not denial of leave. The Court may simply recognize that a few challenged "Literal Answer" sections are condensed summaries, while most response sections were quoted verbatim or substantially verbatim, and the full discovery responses are available in the attached exhibits. That does not defeat good cause, does not prejudice First Advantage, and does not erase the underlying discovery disputes.

### III. Plaintiffs Take Responsibility for the Interrogatory No. 20 Correction

Plaintiffs acknowledge that the section addressing Interrogatory No. 20 should be read with correction. Plaintiffs do not concede bad faith, fabrication, or intentional misquotation. Plaintiffs take responsibility for an imprecise presentation of that section and respectfully clarify the issue.

**Corrected Interrogatory No. 20 Request:**

Identify all documents, policies, and data files related to Plaintiffs' report, dispute, reinvestigation, and correction history, including internal case notes and client communications.

**Corrected Response Summary:**

First Advantage objected to the references to "reinvestigation" and "correction history" as vague and ambiguous, objected that the request was overbroad, not relevant, and not proportional, asserted that Plaintiffs have not brought a standalone § 1681i claim, and then, subject to its objections, invoked Rule 33(d) and referred Plaintiffs to documents it agreed to produce relating to Plaintiff Martorelli's residential screening report.

**Plaintiffs' Corrected Deficiency Position:**

The response remains deficient because it does not provide a direct answer identifying the responsive documents, policies, data files, internal case notes, client communications, dispute records, correction-history materials, or report-lifecycle records. It also uses the absence of a standalone § 1681i count to resist discovery into dispute and correction records that are relevant to Plaintiffs' § 1681e(b), § 1681g, permissible-purpose, damages, causation, and willfulness theories.

This correction does not defeat good cause for leave. It confirms that the disputed discovery issue remains real and reviewable.

## IV. The Other Challenged Sections Do Not Show Bad Faith

First Advantage also identifies Interrogatory Nos. 3 and 19 and Request for Production No. 4. Those sections do not show fabricated evidence. They show, at most, condensed summaries of longer responses.

Plaintiffs respectfully request that the Court treat any condensed section as a summary of the operative answer or objection and refer to the attached discovery responses for the full text. That approach is fair, efficient, and consistent with why Plaintiffs attached the responses in the first place.

First Advantage suffers no prejudice from that format. It has its own responses. The Court has the attached discovery materials. The discovery disputes remain the same.

First Advantage's arguments do not make its responses complete. They do not cure boilerplate objections. They do not produce source records. They do not identify withheld materials. They do not provide access logs. They do not answer the pending discovery deficiencies. They merely ask the Court to reject review of the discovery dispute based on a few challenged drafting choices.

## V. First Advantage's Speculation About Drafting Tools Is Irrelevant and Does Not Defeat Good Cause

First Advantage's speculation about Plaintiffs' drafting tools is irrelevant to the narrow issue before the Court. Plaintiffs do not concede First Advantage's accusations or characterizations regarding artificial intelligence. Plaintiffs also do not waive any applicable work-product protection over their internal drafting process, research process, outlines, notes, edits, communications, or litigation preparation.

Plaintiffs are self-represented litigants managing a technical federal case without counsel. Plaintiff Turbeville works full-time, manages household obligations, and is attempting to protect the civil rights of both Plaintiffs without the benefit of a law firm. Plaintiff Martorelli manages disability-related limitations, household obligations, and graduate studies while attempting to move forward from the limitations created by her disability.

Any insinuation that modern tools made this litigation easy for Plaintiffs is mistaken. Two unrepresented individuals litigating against six represented Defendants face a substantial burden regardless of what ordinary tools exist. Plaintiffs must personally review evidence, track deadlines, study procedural rules, organize exhibits, identify relevant facts, compare discovery responses, recognize contradictions, preserve documents, prepare filings, serve materials, monitor the docket, review Defendants' motions, respond to legal arguments, manage medical and damages evidence, coordinate printing and mailing, and decide how each piece of evidence fits into the claims and defenses. No tool does that work for Plaintiffs. Plaintiffs still must recognize the evidence, understand its relevance, decide how to incorporate it, decide how to cite or reference it, and stand behind every filing they sign.

In those circumstances, it is neither surprising nor improper that Plaintiffs use ordinary modern tools to organize documents, compare discovery responses, research law, review filings, and prepare court papers. The question before the Court is not whether Plaintiffs used Google, Safari, a public law library, legal research platforms, word-processing tools, spell-check, grammar tools, templates, outlines, or other lawful research and drafting aids. The question is whether good cause exists to permit Plaintiffs to file a complete request-by-request discovery motion.

Plaintiffs stand behind their filing, attached First Advantage's actual discovery responses, and presented the discovery disputes in good faith. Plaintiffs are aware of no rule requiring denial of an otherwise proper or meritorious filing merely because a self-represented party used lawful modern research, drafting, organizational, or word-processing tools while preparing it. Such a rule would be unworkable. Parties routinely use technology to research, organize, edit, cite-check, format, and prepare filings. The relevant question is not the tool used; the relevant question is whether the filing is submitted in good faith, grounded in the record, signed by the parties, and supported by the materials attached to it.

First Advantage's attempt to litigate Plaintiffs' research methods is a distraction from the merits of the motion for leave. First Advantage does not explain why its discovery responses are complete, why its objections are sufficient, why its Rule 33(d) invocations are proper, why its source records, report lifecycle materials, access logs, full-file disclosure records, requester/ recipient history, and ESI materials should remain withheld, or why Plaintiffs should be forced to compress numerous request-specific disputes into a generalized filing.

Plaintiffs did not exceed the number of discovery requests allowed by the Federal Rules. Plaintiffs served discovery within the rules and then waited while First Advantage had the requests for months, sought extensions, and ultimately served responses Plaintiffs contend are dominated by boilerplate objections, evasive limitations, Rule 33(d) deflections, and incomplete production. First Advantage cannot create a sprawling discovery dispute through months of delay, objections, and withheld records, then complain that Plaintiffs need additional pages to explain the resulting deficiencies.

First Advantage is attempting to make this motion about Plaintiffs' drafting process instead of First Advantage's discovery process. The Court should reject that diversion.

## VI. Isolated "You/Your" Language and Visible Editing Marks Are Drafting Artifacts, Not Bad Faith

First Advantage also points to isolated "you" or "your" language and visible editing marks. Plaintiffs acknowledge that a few pronoun artifacts and marked edits remained in the proposed memorandum. That is not evidence of fabrication, bad faith, or improper conduct.

Plaintiffs would have preferred to submit a perfectly clean copy without any visible marked-out edits. However, Plaintiffs are self-represented, proceeding without a law firm, and must personally bear the time and expense of printing, assembling, mailing, and filing voluminous paper materials. Reprinting an entire 79-page memorandum and related filing materials solely to remove a few visible pronoun artifacts or editing marks would have been uneconomical for

Plaintiffs and unnecessary where the substance of the motion, the attached discovery responses, and the request-by-request structure were clear.

That practical reality does not excuse errors, and Plaintiffs take responsibility for any editing artifacts. But those artifacts should be viewed for what they are: minor presentation issues in a lengthy pro se filing, not evidence of bad faith and not a reason to deny review of the underlying discovery disputes.

Plaintiffs are two self-represented co-plaintiffs who draft, exchange, edit, and review filings together. During that process, one Plaintiff may draft explanatory notes to the other Plaintiff, or language may be written in a conversational form before being converted into a court filing. In a case involving multiple Defendants, multiple discovery tracks, hundreds of pages of discovery materials, and numerous deficient responses, an isolated pronoun artifact can remain during editing. That does not change the substance of the discovery disputes.

The point is simple: Plaintiffs attached First Advantage's actual responses. If Plaintiffs were trying to hide or distort the responses, Plaintiffs would not have placed the actual responses before the Court. The full text is available in the exhibits. The few sections First Advantage attacks are, except for the correction to Interrogatory No. 20, condensed summaries of operative response language.

First Advantage suffers no prejudice from isolated pronoun artifacts or visible editing marks. Those artifacts do not make the discovery complete, do not cure boilerplate objections, do not produce source records, do not identify withheld materials, do not provide access logs, and do

not answer the pending motion for leave. The Court should treat them as ordinary drafting artifacts and proceed to the real issue: whether good cause exists to file a complete motion to compel.

## VII. Denying Leave Would Elevate Formatting Over Substance

First Advantage asks the Court to deny leave because of alleged drafting defects, while avoiding the substantive discovery problems the proposed motion raises.

That is backwards. The issue now is not whether Plaintiffs' proposed motion to compel is perfect. The issue is whether Plaintiffs have shown good cause to exceed the page limit so the discovery disputes can be reviewed in a complete, organized, request-by-request format.

Denying leave would prejudice Plaintiffs because the disputed discovery is central to depositions, expert deadlines, permissible-purpose issues, FCRA accuracy issues, full-file disclosure issues, requester/recipient history, post-withdrawal report activity, and ESI preservation. Plaintiffs should not be forced to litigate discovery blind because First Advantage objects to the number of pages required to expose its discovery deficiencies.

First Advantage's position would reward the very discovery conduct Plaintiffs seek to challenge. A party should not be permitted to serve lengthy objections, partial answers, delayed productions, and incomplete responses, then claim the opposing party is burdening the Court by explaining those deficiencies in detail.

## VIII. Good Cause Exists

Good cause exists because First Advantage's discovery responses involve technical and statutory issues that cannot be fairly presented in a short, generalized memorandum. Plaintiffs' proposed motion concerns multiple discovery tracks and requires the Court to compare the specific request, response, objection, and deficiency.

The proposed memorandum's length is driven by the record, not by unnecessary argument. The motion addresses First Advantage's responses across interrogatories, requests for admission, requests for production, Rule 33(d) invocations, ESI categories, privilege/logging issues, report-source issues, dispute records, requester/recipient history, access logs, full-file disclosure issues, and preservation concerns.

A compressed motion would be less useful to the Court because it would omit the specific responses the Court must evaluate. Plaintiffs' organization by Defendant and by discovery request is intended to assist the Court, not burden it.

**CONCLUSION**

First Advantage identifies, at most, curable drafting, labeling, and formatting issues. Plaintiffs take responsibility for the Interrogatory No. 20 correction and respectfully ask the Court to treat the few challenged "Literal Answer" sections as condensed summaries of the operative answer or objection, with the full responses available in the attached exhibits.

Those issues do not defeat good cause. They do not show prejudice. They do not justify denying Plaintiffs the ability to present a complete motion to compel. And they do not answer the central

point: Plaintiffs need sufficient pages because First Advantage's discovery responses require request-by-request review.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File an Excess-Page Brief regarding First Advantage and accept the proposed memorandum for review with the above clarification regarding condensed response summaries, visible drafting artifacts, and the Interrogatory No. 20 correction.

Respectfully submitted,

**Preston Wallace Turbeville**

Plaintiff, *Pro Se*

**Marissa Martorelli**

Plaintiff, *Pro Se*

173 Gadwall Way, Unit 3400

Murrells Inlet , SC 29576

CERTIFICATE OF SERVICE

I certify that on this 9ᵗ ʰ day of _July_ , 2026, I filed the foregoing document using the Court's Electronic Case Filing ("ECF") system. The ECF system automatically serves all counsel of record who are registered ECF users.


Preston Wallace Turbeville, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

Email: pwallace92@yahoo.com