# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Preston Wallace Turbeville
Marissa Martorelli,

       Plaintiffs,

  vs.

RPM Living, LLC,
Gateway Communities of Myrtle Beach, LLC,
   *d/b/a The Willows at Grande Dunes,*
First Advantage Background Services Corp.,
Jenny Suggs, *(individually and in her official capacity)*
Jennifer Battenfeld, *(individually and in her official capacity)*
Andrew O.H. Gardner, *(in his official capacity as Broker-in-Charge)*

       Defendants.

C/A: 4:25-cv-12579-JD-TER

**PLAINTIFFS' REPLY TO DEFENDANTS RPM LIVING, LLC, JENNY SUGGS, JENNIFER BATTENFELD, AND ANDREW O.H. GARDNER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE EXCESS-PAGE BRIEFS**

NOW COME Plaintiffs Preston Wallace Turbeville and Marissa Martorelli, proceeding pro se, and respectfully submit this Reply to Defendants RPM Living, LLC, Jenny Suggs, Jennifer

Battenfeld, and Andrew O.H. Gardner's Response in Opposition to Plaintiffs' Motions for Leave to File Excess-Page Briefs. In support, Plaintiffs state as follows:

## I. Introduction

Defendants' opposition asks the Court to deny leave based largely on page length, alleged lack of notice, insinuations regarding Plaintiffs' drafting process, and a small number of alleged wording or labeling issues. Plaintiffs respectfully submit that Defendants' opposition does not justify denying leave. Plaintiffs ask the Court to rule on the motions as filed, with the limited clarifications below, rather than requiring Plaintiffs to restart an already extensive discovery-enforcement process after Defendants served amended answers, supplemental productions, and privilege logs after the motions were filed.

Plaintiffs do not deny that a few clarifications are appropriate. Plaintiffs take responsibility for those specific items. Plaintiffs withdraw the mislabeled Gardner item identified below, clarify the limited RPM Interrogatory Nos. 1 and 2 wording issue, and clarify the intended meaning of the Battenfeld Request for Production No. 7 tailoring language. However, those few issues do not show bad faith, do not show fabrication, and do not defeat the remaining discovery motions. The actual discovery requests and responses were attached as exhibits for the Court's direct review, and Defendants do not meaningfully confront the substance of most of the discovery defects Plaintiffs raised.

Plaintiffs have attempted throughout this case to remain tied to the record, the evidence, and the Federal Rules. The amount of discovery served across multiple defendants and multiple

discovery tracks has been substantial. Plaintiffs are unrepresented, are working under court deadlines, and are attempting to litigate against corporate and individual defendants represented by experienced counsel. A small number of correctable wording or labeling issues in hundreds of pages of discovery briefing should not obscure the larger issue: Defendants served discovery responses that Plaintiffs contend remain evasive, incomplete, amended after the fact, difficult to track, and improperly dependent on document references, boilerplate objections, and shifting explanations.

## II. Plaintiffs' Use of Ordinary Modern Research, Drafting, and Organizational Tools Is Not Improper and Does Not Replace Plaintiffs' Responsibility for Their Filings

Defendants appear to insinuate that Plaintiffs' use of modern technology or drafting tools somehow undermines Plaintiffs' filings. Plaintiffs object to that insinuation and do not concede Defendants' characterization of what tools were used, how they were used, or what role any particular tool played in Plaintiffs' internal process.

It should not be surprising that pro se civil-rights plaintiffs litigating against six defendants, while working full-time jobs, handling ordinary life obligations, and while Plaintiff Marissa Martorelli is attending master's degree classes, would use ordinary modern technology to research, organize, draft, proofread, and manage filings. Modern research and organizational tools help level the practical playing field in an otherwise uneven litigation posture. Their use is not improper.

The question is not whether Plaintiffs used ordinary modern tools for research, organization, drafting, editing, proofreading, or document management. The question is whether the filings are frivolous, unsupported by reality, unsigned, or submitted without the parties standing behind them. Plaintiffs have personally reviewed, signed, and accepted responsibility for their filings. Plaintiffs do not blindly submit papers to the Court. Plaintiffs have reviewed their filings carefully and have attempted to support them with record citations, attached exhibits, and the actual discovery materials at issue.

Plaintiffs also respectfully object to any demand, insinuation, or argument requiring disclosure of Plaintiffs' exact internal research methods, drafting mechanisms, strategy, notes, outlines, edits, review process, or communications between Plaintiffs. Plaintiffs do not waive any applicable work-product protection over their internal litigation preparation, research process, drafting process, strategy, mental impressions, notes, edits, or communications between co-plaintiffs.

Plaintiffs respectfully note that their filings before this discovery dispute have consistently been grounded in facts, references, evidence, and attached materials. These discovery motions are likewise grounded in the record, the Federal Rules, and Defendants' own discovery responses, subject only to the limited mistakes Plaintiffs correct in this Reply. Those limited corrections do not convert the motions into bad-faith filings, do not establish fabrication, and do not justify denying leave.

The work involved in these discovery motions was substantial regardless of what ordinary tools Plaintiffs used. Research tools, word-processing tools, citation checks, organizational aids, and drafting support do not eliminate the time, review, responsibility, judgment, and pressure

involved in preparing filings of this size while proceeding without counsel. Plaintiffs stand behind the substance of their motions, with the limited clarifications stated below.

### III. Plaintiffs Ask the Court to Rule on the Motions as Filed, With Limited Clarifications, Rather Than Requiring Plaintiffs to Restart the Process

Defendants ask the Court to deny leave and suggest that remaining disputes can be resolved out of court after the Court rules. Plaintiffs respectfully submit that this would be prejudicial. Defendants have now served amended responses, supplemental productions, and privilege logs after Plaintiffs already filed the motions for leave and after Plaintiffs already prepared the underlying discovery-enforcement memoranda. Requiring Plaintiffs to restart the process would impose an unfair burden on pro se Plaintiffs and would reward Defendants for serving moving-target discovery responses after Plaintiffs had already undertaken the work necessary to bring the dispute before the Court.

The issue is not whether Defendants eventually served something labeled a supplement, amendment, or privilege log. The issue is whether Defendants' original responses complied with the Rules, whether the later amendments actually cure the deficiencies, and whether Plaintiffs can reasonably determine what Defendants' operative answers are without unfair confusion or prejudice. The July 6, 2026 amendments and privilege logs make the record more complicated, not less. Plaintiffs respectfully submit that the Court should consider the motions as filed, consider the limited clarifications below, and determine what relief remains appropriate.

Plaintiffs are not trying to burden the Court. Plaintiffs are trying to avoid being forced to chase amended answer after amended answer without a clear ruling on the discovery defects already presented. Defendants' post-filing amendments should not require Plaintiffs to start over.

## IV. The Page Length Is Justified Because Much of the Material Is the Discovery Record Itself

Defendants emphasize that Plaintiffs' proposed memoranda collectively total many pages. But Defendants' page-count argument is overstated. A substantial portion of the proposed memoranda consists of the actual discovery request, the actual answer, and Plaintiffs' targeted explanation of the deficiency. Plaintiffs used that format so the Court could see the discovery dispute in context without constantly flipping between scattered exhibits.

Local Civil Rule 7.04 requires a party moving to compel to present the discovery dispute and the relevant discovery material in a way that allows the Court to evaluate the alleged insufficiency. Plaintiffs' format was designed to comply with that requirement and to make the record usable. The length was not created by unnecessary argument. It was created by Defendants' extensive responses, objections, qualifications, amended answers, and the need to place each challenged response beside the specific rule-based deficiency.

Plaintiffs respectfully submit that the motions are not excessive in substance. They are detailed because the responses were detailed, layered, and contested. Much of the length is the discovery record itself, not free-standing argument. Once the embedded requests and responses are considered for what they are, the substantive argument is far closer to the ordinary page limit

than Defendants suggest. The Court can still disregard any portion it finds unnecessary, but denial of leave outright would elevate formatting over substance and would prejudice Plaintiffs' ability to preserve the discovery record.

## V. Plaintiffs Provided Good-Faith Notice and Did Not Bypass the Discovery Process

Defendants argue that Plaintiffs failed to provide notice of every deficiency before filing. Plaintiffs respectfully disagree.

First, Plaintiffs promptly notified Defendants of the missing Rule 33 verifications and asked Defendants to search for additional native mobile text threads or secondary internal logs. Defendants acknowledge this notice in their opposition. Defendants also acknowledge that verifications were later served. That history shows Plaintiffs attempted to resolve discovery issues without Court intervention.

Second, Plaintiffs filed a Discovery Deficiency Matrix on the docket. Defendants argue that the matrix was not specific enough, but it still placed Defendants on notice that Plaintiffs believed major discovery deficiencies existed. Plaintiffs also made clear that motion practice would follow if the deficiencies were not cured.

Third, Plaintiffs were operating under the Local Civil Rule 37.01 deadline for motions to compel. Plaintiffs could not safely wait indefinitely while Defendants considered whether to supplement, amend, or clarify. The Rules place timing pressure on the party seeking discovery relief. Plaintiffs acted to preserve their rights.

Fourth, Defendants' position is inconsistent with the posture they previously took in this case regarding conferences with pro se litigants. Plaintiffs do not seek to relitigate the earlier Rule 26 scheduling dispute here. However, Defendants cannot fairly use the special concerns surrounding pro se consultation as a shield earlier in the litigation and then later use the absence of more informal consultation as a sword against Plaintiffs' discovery motions. Plaintiffs made written efforts to identify and preserve the disputes. Plaintiffs then filed motions within the applicable deadline.

Finally, Defendants' argument that they would have attempted to resolve every issue if Plaintiffs had provided more detail is weakened by the fact that Defendants did not contact Plaintiffs after the Discovery Deficiency Matrix to ask for clarification, did not seek a written narrowing discussion before the motions were filed, and did not meaningfully cure the broader issues before Plaintiffs had to act. Plaintiffs should not be penalized for bringing the issues to the Court after Defendants' responses remained deficient.

## VI. Defendants' July 6 Amendments and Privilege Logs Confirm That the Original Discovery Record Was Not Complete

Defendants acknowledge that on July 6, 2026, after Plaintiffs had already filed their motions, RPM Living, Suggs, and Battenfeld served supplemental productions, amended admissions, and amended certain interrogatory responses. Defendants also state that privilege logs were served with those supplemental and amended responses.

Plaintiffs respectfully submit that this supports Plaintiffs' position rather than defeating it. If Defendants had to amend admissions, amend interrogatory answers, supplement productions, and serve privilege logs after Plaintiffs filed their motions, then the original discovery record was not complete and not as clear as Defendants now suggest.

Plaintiffs do not contend that no privilege log exists at all today. Plaintiffs' position is that the privilege logs were served post hoc, are confusing, and are difficult to match to the specific original requests, original objections, amended answers, and allegedly withheld documents. A late privilege log does not automatically cure the prejudice caused by unclear withholding positions. Likewise, amended answers do not automatically cure the burden placed on Plaintiffs to determine which answer is operative, what changed, why it changed, and whether the amended answer cures the deficiency raised in the motion.

Plaintiffs respectfully ask the Court not to require Plaintiffs to redo the entire process because Defendants served new materials after the motions were already filed. The Court can rule on the motions as filed, consider Defendants' later amendments in deciding what relief remains necessary, and enter an order clarifying the operative discovery record.

## VII. Plaintiffs Clarify the Limited Wording and Labeling Issues Identified by Defendants

Plaintiffs do not run from correction. Plaintiffs address Defendants' specific examples directly.

### A. RPM Interrogatory Nos. 1 and 2

Defendants argue that Plaintiffs' proposed memorandum against RPM Living included language such as "subject to and without waiving objections" in connection with RPM Interrogatory Nos. 1 and 2, even though RPM's actual responses to those two interrogatories did not contain that objection language.

Plaintiffs acknowledge and clarify that this issue concerns **RPM Interrogatory Nos. 1 and 2 only**. Plaintiffs withdraw only the "subject to and without waiving objections" characterization for those two entries. Plaintiffs do not withdraw the substantive challenge to the adequacy or completeness of RPM's answers to Interrogatory Nos. 1 and 2.

Plaintiffs do not concede that this issue exists elsewhere in the proposed memoranda. To Plaintiffs' understanding, the remaining request-and-response sections accurately present the discovery responses or otherwise attach the actual responses for the Court's direct comparison.

The point remains that Plaintiffs challenge the adequacy and completeness of the answers. Removing the objection phrase does not resolve whether RPM's answers are complete, non-evasive, sufficiently direct, or improperly dependent on document references rather than direct answers. Plaintiffs also attached the actual discovery responses as exhibits, so the Court can directly compare the original responses with Plaintiffs' arguments. This correction does not show fabrication, bad faith, or unreliability across the motion.

**B. Andrew Gardner Mislabeled Entry**

Defendants identify one Gardner entry where Plaintiffs' proposed memorandum referred to Interrogatory No. 1, while the language appeared to concern a different interrogatory. Plaintiffs accept responsibility for that labeling error.

Plaintiffs respectfully withdraw that specific Gardner item from the Court's consideration. Plaintiffs have no objection to the Court disregarding that specific mislabeled entry. Plaintiffs do not withdraw the entire Gardner motion, and Plaintiffs do not concede that the remaining Gardner discovery responses are sufficient. Plaintiffs withdraw only the specific mislabeled item identified by Defendants.

This isolated mistake is not evidence of bad faith. It is a correctable labeling error in an unusually large pro se discovery record involving multiple defendants, multiple discovery tracks, and extensive response materials.

## C. Battenfeld Request for Production No. 7

Defendants argue that Plaintiffs stated that Battenfeld Request for Production No. 7 was "carefully tailored" to the May 1, 2025 through June 30, 2025 period, even though the original request did not include that express date limitation.

Plaintiffs clarify the intended meaning. Plaintiffs were not representing that the original request had already contained that time limitation. Plaintiffs were offering that limitation in the motion and asking the Court to tailor the relief to that narrow two-month period surrounding the application, denial, reasonable-accommodation request, and withdrawal. Plaintiffs apologize for any confusion caused by the wording.

That clarification does not show fabrication or dishonesty. It shows the opposite: Plaintiffs were attempting to narrow the relief requested to the most relevant time period so the Court could order proportional production without requiring broader review than necessary.

## VIII. Defendants' "Not Exhaustive" Statement Should Not Be Used to Deny Leave Based on Speculation

Defendants state that their examples are "not exhaustive" and reserve the right to raise more. Plaintiffs respectfully submit that the Court should not deny leave based on speculative, unidentified future accusations. Defendants reviewed Plaintiffs' proposed memoranda and identified a small number of examples. Plaintiffs have addressed those examples directly, accepted responsibility where appropriate, clarified the intended meaning where appropriate, and withdrawn the mislabeled Gardner item.

If Defendants had identified additional concrete errors, Plaintiffs would have addressed them. But an unsupported statement that more may exist does not justify denying leave outright, especially where the full discovery responses were attached and the Court can evaluate the record directly.

Plaintiffs respectfully submit that the better course is to allow the motions to stand with the specific clarifications in this Reply. The Court can disregard the withdrawn Gardner item, disregard the withdrawn objection language for RPM Interrogatory Nos. 1 and 2, and still rule on the remaining discovery disputes.

## IX. Plaintiffs' Limited Corrections Do Not Establish Bad Faith or Undermine the Remaining Motions

Defendants' opposition attempts to turn a small number of wording or labeling issues into a broad attack on Plaintiffs' credibility. Plaintiffs respectfully submit that this is not warranted.

The record in this case shows that Plaintiffs have repeatedly attempted to attach the underlying evidence, quote the record, and present the Court with materials necessary to verify Plaintiffs' positions. Plaintiffs have not blindly filed materials with the Court. Plaintiffs personally read, reviewed, signed, and accepted responsibility for their filings. Plaintiffs reviewed the discovery materials multiple times. Even so, in a discovery record of this size, a few wording or labeling issues can occur.

Plaintiffs do not excuse those issues. Plaintiffs correct them. Plaintiffs take responsibility for them. But those corrections should not be used to erase the underlying discovery disputes. The remaining motions are specific, record-based, and grounded in the Federal Rules. Defendants' opposition largely attacks formatting, isolated wording, page length, and Plaintiffs' drafting process. It does not meaningfully answer the merits of many of the actual discovery issues raised.

The issue before the Court should not become what ordinary tools Plaintiffs used to organize, draft, proofread, or level the battlefield in an extremely uneven litigation posture. The issue is whether Defendants' discovery responses comply with Rules 33, 34, 36, and 37. Regardless of any ordinary research, organizational, word-processing, or drafting tools used, Plaintiffs

personally reviewed the filings, signed them, and stand behind the substance of the motions, subject to the limited corrections made in this Reply.

Plaintiffs are not afraid of the consequences of honesty. Plaintiffs respectfully ask the Court to treat these clarifications as good-faith corrections, not as grounds to deny leave or ignore the remaining discovery deficiencies.

## X. Defendants' Opposition Does Not Meaningfully Address the Core Discovery Problems

Defendants' opposition does not meaningfully engage with the heart of Plaintiffs' motions.

## XI. Plaintiffs Do Not Seek to Strike Defendants' Opposition on Procedural Grounds

Plaintiffs considered whether to raise procedural objections to Defendants' opposition, but Plaintiffs do not seek to avoid the substance of Defendants' arguments. Plaintiffs address those arguments directly. Plaintiffs respectfully submit that their willingness to answer the opposition on the merits further demonstrates good faith.

## XII. Relief Requested

For the reasons stated above, Plaintiffs respectfully request that the Court:

1. **Grant Plaintiffs' Motions for Leave to File Excess-Page Briefs** in support of Plaintiffs' Omnibus Motions to Compel regarding RPM Living, LLC, Jenny Suggs, Jennifer Battenfeld, and Andrew O.H. Gardner;

2. **Permit Plaintiffs' proposed memoranda to stand as filed**, subject only to the limited clarifications and corrections stated in this Reply;

3. **Disregard the specific mislabeled Gardner entry (Interrogatory #1)** identified by Defendants and withdrawn by Plaintiffs in this Reply;

4. **Disregard only the "subject to and without waiving objections" wording in connection with RPM Interrogatory Nos. 1 and 2**, without treating that correction as a withdrawal of the substantive discovery challenge to those answers;

5. **Treat the Battenfeld Request for Production No. 7 time-limitation language as a request for tailored relief**, not as a representation that the original request contained that exact limitation;

6. **Reject Defendants' request to deny leave outright** based on page length, isolated correctable wording issues, allegations about Plaintiffs' drafting process, or post-filing amendments;

7. **Rule on the discovery motions as filed** or, in the alternative, permit Plaintiffs to file a short errata or corrected notice limited only to the specific clarifications identified above, without requiring Plaintiffs to restart the discovery-enforcement process; and

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: July 9, 2026

**Preston Wallace Turbeville**

Plaintiff, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

pwallace92@yahoo.com

**Marissa Martorelli**

Plaintiff, Pro Se

173 Gadwall Way, Unit 3400

Murrells Inlet, SC 29576

marissamartorelli@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of _July_____, 2026, I served a true and correct copy of

the foregoing **Plaintiffs' Reply to Defendants RPM Living, LLC, Jenny Suggs, Jennifer**

**Battenfeld, and Andrew O.H. Gardner's Response in Opposition to Plaintiffs' Motions for**

**Leave to File Excess-Page Briefs** by depositing the same with the Clerk of Court for filing and/

or by serving all counsel of record through the Court's CM/ECF system or other method

accepted by the Court.

Respectfully submitted,

Date: _July 9____, 2026

**Preston Wallace Turbeville**

Plaintiff, Pro Se

**Marissa Martorelli**

Plaintiff, Pro Se